## J. F. C. *v.* M. E., His Wife.

A reconciliation between a husband and wife, after the facts which might have authorized a suit for separation, is a bar to such an action. C. C. 149. Nor can this provision be evaded by praying for a divorce, or a separation *a mensa et thoro*, by way of reconvention. To succeed in such a demand, sufficient legal cause for a separation must be shown to have occurred since the reconciliation.

A wife, proved to have been guilty of adultery, cannot claim, on her part, a divorce from her husband, on account of his having killed the man with whom the act was committed. The provision of the act of 2 April, 1832, sect. 1, which declares "that whenever a husband or wife charged with an infamous offence, shall actually have fled from justice and gone beyond the jurisdiction of the State, the husband or wife of such fugitive may claim a divorce, on producing proof to the Judge who tries the petition for divorce, that his or her husband or wife has actually been guilty of such infamous offence, and has so fled from justice," never contemplated such a case.

A husband who obtained a divorce on account of adultery on the part of his wife, entrusted with the custody of the issue of the marriage.

APPEAL from the District Court of Natchitoches, *King*, J. This was an action for a divorce by the husband, on the ground of adultery, the plaintiff praying for the custody of the issue of the marriage. The defendant denied the charge of adultery. She alleged that the plaintiff had, for many years, treated her with great cruelty and brutality ; that he had grossly defamed her ; that he had been long addicted to intemperate drinking ; that he was of a jealous and suspicious temper, and had rendered her life insupportable. She charged him with having contrived himself the circumstances alleged as proof of her guilt ; and prayed for a divorce, on her part, on those grounds, and because the plaintiff had murdered the person whom he had falsely accused of improper intimacy with her. She also asked for the provisional custody of her child, the only issue of the marriage.

The case was tried by a jury, who found " a verdict for the de-

fendant, separating her from bed and board," and entrusting her with the custody of the child. A new trial having been refused, and judgment rendered in accordance with the verdict, the plaintiff appealed.

*Sherburne* and *P. A. Morse*, for the appellant. The grounds for a separation from bed and board were extinguished by the reconciliation of the parties, (Civil Code, arts. 149, 150,) no new cause having subsequently arisen. The defendant cannot avail herself of the alleged murder of her paramour, to obtain a divorce. See a remarkable case, in Favard, Répertoire de la Legislation Moderne, *verbo* Separation entre Epoux, sect. 2, § 2, art. 2, No. 6. As to the sufficiency of the evidence of the wife's guilt, see Favard, *verbo* Adultère, § 11. Merlin, *verbo* Adultère, No. xix. Ib. *verbo* Indices, No. 3, 5. 2 Starkie, 253, note 1.

*J. Taylor*, *Dunbar*, *Hyams*, and *Elgee*, for the defendant. The evidence does not establish the charge of adultery, and so the jury found. In 10 La. 250, the court held, that circumstances, though extremely suspicious, will not suffice; nor will any admission of the parties. 16 La. 26. The judgment of the lower court should be so amended as to grant the defendant a divorce *a vinculo matrimonii*, instead of a separation *a mensa et thoro*, but should be, in other respects, affirmed.

BULLARD, J. This is a suit for a divorce, grounded on the charge of adultery by the wife, alleged to have been committed on the 10th and 11th of February, 1842, with J. M. G. The plaintiff claims, at the same time, the custody of their child E., issue of the marriage.

The defendant denies the adultery, and claims, in reconvention, a divorce from the plaintiff, on the allegation of great and repeated and brutal outrages, for a series of years, which embittered her existence, and rendered her life insupportable. She further alleges, that she is entitled to a divorce, because the plaintiff had killed the said J. M. G., and thereby committed an infamous crime, and had fled from justice.

The cause was tried by a jury; a verdict and judgment were rendered for the defendant, decreeing her a separation from bed and board, and the plaintiff has appealed.

It is shown, that the parties lived unhappily together; that the

husband was, on many occasions, guilty of cruel treatment towards his wife, and that her conduct was ladylike, and above reproach. Repeated quarrels led at last to a voluntary separation, in the spring of 1841, when she returned to her father's house. Soon after the separation, the plaintiff solicited a reconciliation by letter, expressing his deep contrition for the past, confessing his wrongs towards his wife, and assuring her, in the most earnest manner, that he was an altered man. This letter being without effect, he solicited the interposition of friends. Finally, on the 20th of October, a second letter was written by the plaintiff, repeating his sorrow for the past, and earnestly supplicating his wife to be reconciled to him. Early in November following, a reconciliation did take place, and the defendant returned to her husband's house. From that period up to the fatal occurrence of the 10th of February, 1842, there is no evidence that the parties lived unhappily, or that the husband was guilty of any cruelty or outrage towards the defendant.

If, under these circumstances, the defendant had brought a direct action for separation from bed and board grounded upon alleged cruelty and outrage, previously to the month of November, 1841, the reconciliation which then took place, would have been an insuperable bar to her action, unless on proof of renewed ill treatment after the reconciliation. The provision of the code on this subject is explicit and formal. " The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action has been commenced. In either case, the plaintiff shall be precluded from bringing his action ; but he shall be at liberty to bring a new suit for causes arising since the reconciliation, and therein make use of the former motives, to corroborate his new action." Civil Code, arts. 149, 150.

The defendant cannot, in our opinion, by asking either for a divorce, or a separation from bed and board, by way of reconvention, evade that provision of law ; and, in order to succeed in such a demand, sufficient legal causes or a separation must be shown to have occurred since the reconciliation.

As to the charge of adultery, the evidence in the record has engaged our serious and attentive consideration. All the circum-

stances taken together, leave no ground for reasonable doubt, that the defendant and G. were surprised by the husband in his own house, *in flagranti delicto.* We do not consider it our duty to give any analysis of the evidence ; suffice it to say, that there is not the slightest proof in support of the allegation of the defendant, that G., who, she admits, was in the house at the time alleged, came there by the contrivance of the plaintiff himself. All the circumstances proved upon the trial repel such a charge.

But it has been urged upon us with great earnestness, that the plaintiff having afterwards killed G. and fled from justice, and gone beyond the jurisdiction of the State, was guilty of an infamous offence, and that the wife, for that cause, is entitled to a divorce. Bullard & Curry's Digest, *verbo* Divorce.

We cannot give our sanction to such an application of the law. Having expressed our conviction, that the charge of adultery is made out—although it is shown, that the plaintiff took his revenge afterwards by slaying G. in cold blood, and in a manner both cruel and unmanly ; yet we are not prepared to say, that the wife, whose conduct had already entitled the husband to a divorce, may turn round and claim a divorce on her part, on account of the killing of the man, with whom the act had been committed. The Legislature never could have contemplated such a case.

For these reasons, we have come to the conclusion, that the judgment below is erroneous ; and it becomes our duty to reverse it.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed, and the verdict set aside ; and it is further ordered and decreed, that the bonds of marriage heretofore existing between the plaintiff and M. E., his wife, be, and the same are, hereby, declared to be forever dissolved ; and it is further ordered, that the plaintiff be maintained in his rights to the custody of the child E., issue of the marriage, and that the defendant pay the costs of both courts.