(44 South. 186.)

No. 16,500.

## ABSHIRE v. HANKS.

(June 17, 1907.)

DIVORCE—GROUNDS.

Whilst condemnation to an infamous punishment may continue to be a cause for divorce, even if after a plenary pardon has been granted, continuing adultery and concubinage, on the part of a wife, having the custody of the children of the marriage, is more urgent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 193.]

(Syllabus by the Court.)

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; William Pierrepont Edwards, Judge.

Action by Sylvester Abshire against Francoise Hanks, his wife. Judgment for plaintiff, and defendant appeals. Affirmed.

Ogden & Robira, for appellant. Gordy & Gordy, for appellee.

MONROE, J. Plaintiff sues his wife for divorce, on the ground of adultery, and the wife reconvenes and prays that she be granted the divorce, on the ground that her husband has been condemned to an infamous punishment. The facts are that, in 1895, plaintiff was convicted of murder and sentenced to be hanged, that his sentence was commuted to imprisonment at hard labor for life, and that, after being so imprisoned until August 26, 1906, he was granted "a full pardon, * * * with full restoration to all rights of citizenship." In the meanwhile the defendant, for two or three years after the incarceration of her husband, lived on his father's place, and was supported by the latter, who testified that he intended always to help her, as much as he could, and that "she went off of her own account"; the fact being that she went off to live, and since then has lived, with another man, by whom she has had four children. We agree with the judge a quo that the case is with the plaintiff. It is true that the defendant might have obtained a divorce at the moment that her husband's sentence became final, or at any time thereafter, until she placed herself out of court, as it were, by her own conduct. She would hardly have been in a position, however, to obtain such relief after entering upon her present mode of life. But, whether she might have obtained it or not, she made no attempt to do so, until the plaintiff, unwilling to remain the husband of a woman who lives in concubinage with another man, and unwilling that his children, of whom there are four, should continue in their present surroundings, brought this suit. As the matter stands, therefore, whilst we will not undertake to say that condemnation to an infamous punishment may not continue to be a cause for divorce, even after a plenary pardon has been granted, we are of opinion that continuing adultery and concubinage, on the part of a wife, having the custody of the children of the marriage, is more urgent.

The judgment appealed from is therefore affirmed.