HERGET, Judge.
Coy Edward Kinchen instituted suit against his wife, Mrs. Mabel McCarroll Addison Kinchen, seeking a divorce on the ground of living separate and apart for more than two years. To the petition Defendant filed an exception of lis pendens in which she contended there was presently pending before the same Court an action entitled “Mrs. Mabel McCarroll Addison Kinchen v. Coy Edward Kinchen” wherein she was seeking a divorce and/or separation from bed and board and the pendency of such action precluded the resolution of the present case. In addition, she filed an answer and reconventional demand. However, on this appeal counsel for Mrs. Kinchen abandoned the plea of lis pendens and relied exclusively on the reconventional demand of Mrs. Kinchen wherein she as-servated her husband was guilty of open and notorious adultery, in consequence of which she was entitled to judgment in her favor. She further affirmed she was in necessitous circumstances and prayed for an award of alimony for her support in the sum of $400 per month.
On the trial of the case and upon objection of counsel for Mr. Kinchen, the Trial Court sustained the objection to the introduction of any evidence by Mrs. Kinchen in support of her reconventional demand irr respect to her allegations of adultery committed by her husband or as to the needs for her support in the form of alimony. Having sustained such objection, the proof without question showing the parties had lived separate .and apart for more than two years, the Trial Court rendered judgment in favor of Plaintiff decreeing a divorce “a vinculo matrimonii” and rejected the demands of Defendant and Plaintiff in reconvention. From this judgment Mrs. Kinchen, Defendant and Plaintiff in reconvention, appealed.
Relying upon the decision of the Supreme Court in Dowie v. Becker, 149 La. 160, 88 So. 777 and authorities therein cited,, Plaintiff contends the Trial Court was correct in its refusal to allow the introduction of evidence on the reconventional demand of Defendant and in awarding judgment in favor of Plaintiff. At pages 778, 779 of 88 So., the Supreme Court in the Dowie case held:
“ * * * the rule taken by plaintiff to strike from the record the reconven-tional demand for a divorce, on the ground of adultery, made by the wife, should have been sustained.
“It is provided in article 362, C.P., that the defendant may institute demands incidental to the suit against the plaintiff. And article 363 enumerates these incidental demands as those in compensation, reconvention, and warranty. Article 375 says:
“ ‘In order to entitle the defendant to institute a demand in reconvention, it is requisite that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same.’
% íjí jjc
*763 “The action for divorce on the ground of adultery is not in any way incidental to the suit of plaintiff for divorce on the ground of living separate and apart for seven years or more. They are separate causes of action, and should have been brought in separate suits. And the objections made by plaintiff to the evidence in support of the allegations contained in the recon-| ventional demand should have been sustained.”
Learned counsel for Defendant and Plaintiff in reconvention having abandoned the plea of lis pendens, relies on the provisions of LSA-C.C.P. Article 1061 which he contends expressly overruled Article 375 of the Code of Practice so that no longer does the rationale of the decision in the Dowie case apply. With this contention we are in accord.
LSA-C.C.P. Article 1061 provides:
“The defendant in the principal action may assert in a reconventional demand any action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands (Emphasis supplied)
In the Official Comments by the Redactors of the new Code, we find:
“This article permits a defendant to urge against the plaintiff any action which he might have. This practice has proved satisfactory in federal practice. See Fed.Rule 13(b). It prevents multiplicity of suits and encourages the settlement of all disputes between the parties at one time. Of course, this article changes the rule of Art. 375, Code of Practice of 1870, requiring either diversity of residence or connexity between the main and reconventional demands." (Emphasis supplied)
We are of the opinion, accordingly, the Trial Court was in error in refusing to permit Defendant to introduce evidence in proof of her reconventional demands.
Therefore, for these reasons, the judgment of the Trial Court is reversed and set aside and the matter is remanded to the Trial Court for disposition of the issues presented in accordance with this opinion.
Reversed and remanded.