163 So.2d 434 (1964)
Jerry A. McCAA, Plaintiff-Appellee,
v.
Frances A. S. McCAA, Defendant-Appellant.
No. 10149.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1964.
Rehearing Denied April 30, 1964.
Writ Refused June 26, 1964.
*435 John S. C. Massey, West Monroe, McHenry, Snellings, Breard & Sartor, Monroe, for appellant.
Jones, Blackwell, Chambliss & Hobbs, West Monroe, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
This is an action for divorce a vinculo matrimonii filed by the husband, Jerry A. McCaa, and for the custody of the two-year old son of the marriage. Issue was joined by the wife, Frances A. S. McCaa, through answer filed, in which she denied the allegations of adultery and reconvened for divorce on the ground of two years separation and for the custody of the child, with alimony for its support. Following trial there was judgment awarding a divorce in favor of the plaintiff with custody of the child. The wife and mother has appealed from the adverse judgment.
The parties were married in Hamburg, Arkansas, on December 31, 1959, and shortly thereafter moved to the State of Washington, where Jerry McCaa was stationed in the armed forces. After remaining there for approximately a year plaintiff was transferred and his wife returned to her parental home in Ouachita Parish, where she has continued to reside. On April 2, 1961, a son, Kendall Alan McCaa, was born. It was testified to by Mrs. McCaa that she has neither lived nor cohabited with the plaintiff since the date of the child's birth. It is appellant's contention that the evidence establishes that there was in fact a separation since April 2, 1961, and that she and her husband have lived continuously apart since a date not later than May, 1961, which was more than two years prior to the institution of this suit. Plaintiff alleged upon several acts of adultery by his wife and the district court found that three of the alleged incidents of adultery were established by circumstantial evidence.
Appellant charges that the trial court committed error in several respects: (1) in holding there was sufficient circumstantial evidence to sustain its finding of adultery; *436 (2) in failing to award appellant a divorce on the ground of two years voluntary separation; (3) in granting the permanent custody of the two-year old child to the father and paternal grandmother with no finding that the mother was morally unfit; and (4) in refusing to grant permanent custody to appellant and awarding alimony for the support and maintenance of the child.
After full and thorough examination of the record, we are in accord with the findings of the trial court to the effect that appellant was guilty of adultery on three occasions with a person by the name of Ray Garrison at his apartment in Monroe. It is true that the evidence presented as to these instances is circumstantial in character, but, in our opinion, it is sufficient to constitute proof. The general rule is that circumstantial evidence is not sufficient and not acceptable to support a finding of adultery unless the established facts and circumstances are so convincing as to exclude every other reasonable hypothesis. Hennigan v. Hennigan, La.App., 151 So.2d 517 (1963); Meyer v. Hackler, 219 La. 750, 54 So.2d 7 (1951).
The judgment of the trial court determined, first, the issues presented on the main demand and concluded that plaintiff had proven the defendant was guilty of adultery under the facts submitted to the court. In this respect, his decision took precedence over the reconventional demand which prayed that a divorce be granted in favor of the wife on grounds of two years voluntary separation. We find no error in the holding of the trial judge.
Undoubtedly, the most important issue presented on the appeal is the correctness of the trial court's decision with respect to the custody of the two-year old child, which the court awarded to the father. An examination of the written reasons of the trial court fails to disclose any specific finding that the evidence demonstrated the mother was a morally unfit person to have the care, custody and possession of the small child. It is true that the paramount consideration for determination of a child custody case is the welfare of the child. The trial court in such a determination is vested with substantial discretion. However, the mother's right to custody, especially of children of tender years, should be preferred to that of the father save in the most exceptional cases, and usually only if the mother is demonstrated to be morally unfit.
The record, in our opinion, fails to reveal evidence of Mrs. McCaa's moral unfitness other than her infidelity as above set forth. It appears that the child was born in the home of the maternal grandparents, Mr. and Mrs. Sale, where Mrs. McCaa has lived continuously since separating from her husband shortly before the baby's birth. Her father and mother have largely borne all of the medical and living expenses of the child for the two years of its life and throughout that time it has lived with the mother in a good and well established home maintained by her parents. The district court appeared to attach significance to the fact that Mrs. McCaa had to work in order to support herself. It must be said in her behalf that after his separation from the service her husband contributed very little to her support. He has contributed no more than $5.00 per week to the support of the child. Appellant has been during the period of her separation from her husband engaged in taking technical training at the St. Francis Hospital. During these periods when Mrs. McCaa is away from home the child has been looked after by a competent babysitter or by Mr. and Mrs. Sale. On the other hand, the record fails to disclose any particular solicitude of the father towards his child and this was shown by his failure to visit or provide for the expenses when the baby was critically ill in the hospital. The father has not obtained any substantial job since returning to Monroe but has sought work in several states.
Predicated on the foregoing circumstances we have concluded that it would be to the best interest of the child to be *437 placed with its mother, and that the fact that Mrs. McCaa was guilty of adultery on three occasions with Ray Garrison at his apartment is not conclusive of the mother's moral unfitness to have custody and care of her child. In this respect our conclusion finds legal support in Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953); Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960), and Bush v. Bush, La.App., 144 So. 2d 119 (4th Cir. 1962).
The Estopinal v. Estopinal the court held that the evidence of adultery adduced therein did not make the mother morally unfit, stating:
"The law is well settled to the effect that in cases of custody of children, the mother is to be preferred unless she is shown to be morally unfit. The question posed here is, does the one indiscretion she has committed render her morally unfit? A person who is puritanically inclined would say that she is; one who is more practical would say she is not. Courts always endeavor, when possible, to take the practical view of such matters. We do not think that because of this one error in her life, grievous as it was, she should be deprived of the legal custody of the child, especially one of such tender age, requiring her care and attention more than that of the father. It is the child's own interest and welfare that is of paramount importance and we are sure that the district judge gave that matter due consideration when he held that at the time of the trial, the mother was not morally unfit to provide for its welfare. Should she prove to be undeserving in the future, the law has wisely reserved to the father the right to apply to the Court to have the decree of custody changed."
In Messner v. Messner, the Supreme Court commented:
"We have also consistently recognized that the paramount consideration in determining to whom the custody of a child should be given after the divorce, a complex and grievous responsibility which too often preys upon one's heart, is the welfare, happiness and best interest of the child. In doing justice to this principle this Court has consistently awarded the custody of minor children to the mother unless she has been found morally or otherwise unfit, or unless she is incapable of giving them proper care and guidance." (Authorities cited.)
In Bush v. Bush, the court said:
"In this case the mother has admitted an adulterous relationship with Burton Chalaire, which began at least six months after she left her husband. While we do not condone plaintiff's behavior in this respect, yet, under the circumstances, we do not think this conduct has been detrimental to her child's welfare. * * * In every other respect, the mother, under the existing circumstances, is providing a good home for the child and she has always taken excellent care of her daughter."
In this and all cases wherein the parent is awarded the care of a child of tender years, the law has wisely reserved to the court the right to change the custody should it be to the best interest of the child. Therefore, should the mother at any time indicate that she is morally unfit to rear her child, the court may take an award to better the child's physical and mental moral welfare.
The judgment will, therefore, be reversed insofar as it affects the custody and care of the minor child, Kendall Alan McCaa.
It is therefore ordered, adjudged and decreed that the judgment awarding the care, custody and control of the minor child, Kendall Alan McCaa, to Jerry A. McCaa be and the same is hereby annulled and set aside, and
It is further ordered that the care, custody and control of Kendall Alan McCaa be, *438 and the same is hereby awarded to Frances Ann Sale McCaa.
It is further ordered, adjudged and decreed that this case be remanded to the Fourth Judicial District Court in and for the Parish of Ouachita, in order that the trial court may determine the amount of the award for the support of the minor child, Kendall Alan McCaa, and, further, that the court at such proceeding determine reasonable visitation periods for the father.
It is further ordered that the judgment from which appealed be and the same is affirmed in all other respects.
It is further ordered, adjudged and decreed that the cost of this suit, including the cost of the appeal, be equally divided between the parties.
Affirmed in part, reversed in part.