GLADNEY, Judge.
These consolidated suits between parties whose marriage had been dissolved by divorce involve a demand for child support, a determination of the custody of the child and the discontinuance of alimony to a former wife. Following trial the custody of the child was left with the mother, alimony to Mrs. Trawick was reduced from $100.00 to $50.00 per month and child support was awarded in the sum of $35.00 per month. From this judgment the plaintiff in each suit has appealed.
On September 20, 1962, Thomas Trawick obtained a divorce from Joyce Helen Clark Trawick on the ground of having lived separate and apart for more than two years. In that suit Mrs. Trawick was granted custody of the child born of the marriage, Mary Cynthia Trawick, and was awarded alimony for herself in the sum of $100.00 per month. In the first captioned suit herein Mrs. Trawick sought unsuccessfully to have the amount awarded to her as alimony designated as child support but the previous award was modified as set forth in the judgment mentioned above. While Mrs. Trawiclds suit was pending, the husband instituted a separate action seeking custody of the minor child alleging that his former wife was no longer a morally fit person to have its custody specifying: improper relations with an unmarried man in the home where the minor child resided; an indictment of Mrs. Trawick for embezzlement, on which charge she pleaded guilty; and neglect of the child.
Appellant, Thomas Steen Trawick, assigns error in the failure of the trial court to find Joyce Trawick morally unfit to have the custody of the minor and in not discontinuing the alimony payments altogether. In the suit in which Mrs. Trawick is plaintiff and appellant, she contends that the trial judge’s award of $35.00 per month was grossly inadequate for the care, support and maintenance of the minor child, Mary Cynthia Trawick, with respect to the proven needs and proven ability of the father to pay child support.
Except as to the issues raised concerning the personal misconduct of Mrs. Trawick, the facts are virtually -uncontroverted. It was stipulated that at the time suit was filed Mrs. Trawick was employed with earnings of $60.00 per week gross for her services and Thomas Steen Trawick was employed on a commission basis from which employment he drew the sum of $50.00 per week and had earned between September 4, 1964 and March 31, 1964, $481.45 and for the subsequent month approximately the same amount, but from this income it was necessary to pay the helper the sum of $150.00 per month. Also it was stipulated that Carolyn Trawick, the present wife of Thomas Steen Trawick, is employed and earns $400.00 per month.
On the issue of misconduct of Mrs. Trawick, numerous witnesses were produced in an attempt to substantiate the charges so made. Most of these were neighbors. No act of actual misconduct *343 was observed by any of these witnesses. Although they stated the corespondent was seen at Mrs. Trawick’s home on a number of occasions at late hours, that he assisted Mrs. Trawick with respect to chores about the house and other circumstances, none of these amounted to proof of an ilicit relationship. All testified that the child was well-behaved and properly cared for. In summing up the evidence the trial court made the following observation:
“The record, in the Court’s opinion, fails to reveal evidence of Mrs. Trawick’s moral unfitness other than dating steadily an unmarried man, who helped with household chores and improvements and who even looked after the welfare of her child in her absence. It is quite clear that they made no attempt to conceal this from the neighbors. Due to the secrecy attendant upon the act of adultery, the Court feels that if this had been the case, an attempt to have a clandestine affair would have been the rule rather than the exception.”
In so holding it is our opinion that the conclusion of the trial court was correct and accordingly we agree that the best interest of the child would be served by remaining with its mother. Since Mrs. Trawick was an unmarried woman and the alleged corespondent was likewise single, the evidence should go further than disclosing what would appear to be a normal dating procedure. The accused parties denied having committed any act of adultery.
In raising the question of the effect upon a mother’s right to custody of her child because of a conviction on charges of ■embezzlement, counsel have conceded there are no Louisiana cases directly dealing with this point. It may well be that conviction of certain felonies presumably do indicate moral unfitness of a parent to look after and direct the welfare and future of a small child, but certainly this is not true with respect to some felonies. Rather, it seems to us, it is more important for us to -determine if the act on the part of the mother will be of such a handicap as to so seriously jeopardize the future of the child as to warrant the court in separating it from her mother. We think, as did the trial judge, that the conviction of Mrs. Trawick on a charge of embezzlement is not of such a nature as will justify the removal of the child from her custody.
We are of the opinion Mr. Tra-wick has failed to prove by a preponderance of the evidence the mother’s moral unfitness to retain the custody of her child. Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953); Baasen v. Baasen, La.App., 133 So.2d 908 (2nd Cir. 1961); McCaa v. McCaa, La.App., 163 So.2d 434 (2nd Cir. 1964). Nor are we disposed to disturb the judgment fixing monthly payments of $50.00 for alimony and $35.00 for child support.
For the foregoing reasons the judgment in each of the consolidated cases is affirmed with the appellant in each case being cast for costs.