LOTTINGER, Judge.
On June 28, 1966, Jimmy Perry filed suit against his wife, Edith Evans Perry, for a divorce on the grounds that they had continuously lived separate and apart for more than two years. On July 14, 1966, Edith Evans Perry filed suit against her husband, Jimmy Perry, for a divorce on the grounds of adultery. Mrs. Perry answered the first suit and reconvened for a divorce on the grounds of adultery. These two proceedings were consolidated for the purposes of trial below.
In the presentation of his case, Mr. Perry in addition to his own testimony introduced two other witnesses who both testified that they knew Mr. and Mrs. Perry, that they lived close to the Perry home, wherein Mrs. Perry was then residing, that the Perrys had been living separate and apart for over two years, and that both of these witnesses were in a position to know whether Mr. and Mrs. Perry had ever lived together as man and wife during this two year period. Mr. Perry stipulated that Mrs. Perry was not at fault in the separation.
In the presentation of the case on behalf of Mrs. Perry, the testimony was primarily limited to the allegations of adultery and to the need for alimony and child support. Mrs. Perry did not of her own personal knowledge know of any acts of adultery on the part of her husband, but merely knew what she had heard. She did testify that she had seen her husband in and around town with another woman. Mrs. Perry introduced the testimony of two other witnesses, who in essence testified that they had seen Mr. Perry with another woman in public places. When the last witness for Mrs. Perry stated that she did not know whether Mr. Perry was living as man and wife with a woman other than his wife, the Trial Judge stated that he had heard enough and directed the witness to step down from the witness stand. To this, counsel for Mrs. Perry objected.
The Trial Judge ruled in favor of Jimmy Perry and against Edith Evans Perry, granting a divorce on the grounds of having continuously lived separate and apart for two years, and dismissed the suit instituted by Edith Evans Perry. Alimony and child support was fixed at $12.50 per week, and the parties were decreed as owners in indivisión of all community property belonging to the community of acquets and gains as had existed between them. Mrs. Edith Evans Perry has perfected this appeal from the judgment of the Trial Court alleging that “it was error for the Court to grant a divorce on the grounds of two years separation instead of granting to the appellant a divorce on the grounds of adultery; it was error for the District Court to refuse to permit testimony on the wife’s action for a divorce on the grounds of adultery; and it was error for the District Court to allow $12.50 per week alimony instead of $37.50 per week or $150.00 per month as prayed for.”
As to the appellant’s specification of error that the Trial Judge erred in granting Mr. Perry a divorce based on the grounds of living separate and apart for two years, we feel that the Trial Judge was correct. It must be kept in mind that Mr. Perry filed the first suit, and that subsequent to this, his wife filed her suit for a divorce on the grounds of adultery and her recon-ventional demand to her husband’s suit, also based on adultery. These two cases were consolidated for trial, but at the trial, Mr. Perry’s suit, having been the first filed, was presented first.
*821 In McCaa v. McCaa, 163 So.2d 434, at page 436, La.App.2d Cir. (1964), the Court held:
“The judgment of the trial court determined, first, the issues presented on the main demand and concluded that plaintiff had proven the defendant was guilty of adultery under the facts submitted to the court. In this respect, his decision took precedence over the reconventional demand which prayed that a divorce he granted in favor of the wife on grounds of two years voluntary separation. We can find no error in the holding of the trial judge.”
(Emphasis ours).
We are of the opinion that the McCaa case is controlling, even though divorce on the grounds of adultery was the main demand, rather than living separate and apart for two years as in the instant case. The holding of the McCaa case in essence is that the decision on the main demand if in favor of the plaintiff in the main demand will take precedence over the reconventional demand, and we are also of the opinion that it would take precedence over a suit filed subsequent to the original suit, but consolidated therewith for trial.
As a second specification of error, appellant contends that the Trial Judge should not have refused to permit testimony in the wife’s case for divorce. In the presentation of his case, Mr. Perry testified that both he and his wife had lived separate and apart for over two years, and that he boarded and paid for room and board at the home of another woman. He denied that he was living as man and wife with this woman. When asked as to how many rooms were in this house, he stated that there were three bedrooms, a bath and kitchen, and that two children were living there, one being eighteen and the other twenty. One of Mrs. Perry’s witnesses testified that Jimmy Perry’s landlady held herself out as his wife. This same witness testified that she had seen them shopping together. When the last witness presented by Mrs. Perry testified that she didn’t know whether Jimmy Perry and his landlady were living as man and wife, plaintiff objected to any further testimony and the Trial Judge concluded that this witness could not give any more testimony sufficient to substantiate the adultery charge and therefore asked her to step down. The defendant objected to this ruling of the Court, but did not attempt to place any additional witnesses on the stand.
In Kinchen v. Kinchen, 147 So.2d 761, La.App.1st Cir. (1962), we held that in a case where the wife was being sued for divorce on the grounds of living separate and apart for more than two years, it was error for the Trial Court to disallow the presentation of evidence on her recon-ventional demand for a divorce on the grounds of adultery. At first blush, the Kinchen case would seem to be controlling, but the distinguishing point as between the Kinchen case and the instant case is that in the instant case the Trial Judge did allow the presentation of evidence as to the reconventional demand. It was only after the Trial Judge determined that a particular witness could not render testimony as to substantiate a charge of adultery did he request said witness to step down from the witness stand. We therefore can find no error on the part of the Trial Judge.
As to the third and last specification of error, the appellant contends that the Trial Judge erred in awarding her the amount of $12.50 per week as alimony and child support. The record points out that of the marital union between Jimmy Perry and Edith Evans Perry, six children were born. As of the date of the trial of this matter, one of these six children was of the full age of majority, and another was nineteen years old and living elsewhere. Of the four children who resided with Mrs. Perry, one was eighteen years of age and not in school, and three others ranged in age from thirteen to seventeen. During the existence of the community of acquets and gains, Mr. and Mrs. Perry had acquired a *822 seventy-eight acre tract of land upon which was located a residence. Mrs. Perry had the use of this residence along with the furnishings therein. She also had the use of four or five cows located on this tract of land. The record further points out that Mr. Perry makes approximately $60.00 per week, and of this he pays $15.00 per week for room and board. An alimony rule had been heard previous to the trial of this matter in connection with the suit filed by Mrs. Perry, and after hearing all the evidence and testimony in this rule, the Trial Judge concluded that $12.50 per week was sufficient under the circumstances to support Mrs. Perry and the children. The Trial Judge saw no need to change this figure at the trial on the merits, and considering the fact that the Trial Judge had the opportunity of the alimony rule, we can find no reason why this Court should increase the award of alimony.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed at the cost of the appellant.
Judgment affirmed.