349 So.2d 928 (1977)
Rachael Hotard THOMASON
v.
Hugh Montgomery THOMASON, III.
No. 11396.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Rehearing Denied August 24, 1977.
Writ Granted October 26, 1977.
*929 L. B. Ponder, Jr., Amite, for Rachael Hotard Thomason, plaintiff-appellant.
Robert W. Troyer, Ponchatoula, for Hugh Montgomery Thomason, III, defendant-appellee.
Before LANDRY, EDWARDS and COLE, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment dismissing her suit for divorce on the ground of conviction of spouse, defendant (Appellee), of a felony, and his sentence to imprisonment at hard labor in the state penitentiary. We affirm.
Two questions are presented herein: (1) Whether a reconventional demand for divorce on ground of adultery is incidental to a main demand for divorce on ground of conviction of a felony; and, (2) Whether the trial court erred in rejecting exceptions and objections to Appellee's reconventional demand for divorce for alleged adultery, and allowing testimony thereon.
On July 1, 1976, Appellant filed suit for divorce on the ground that Appellee had pled guilty to a charge of simple robbery and was sentenced to imprisonment in the state penitentiary for a term of five years. Appellee answered the suit, admitting the plea of guilty to a felony and the sentence of imprisonment, and reconvened for divorce on the ground of adultery. Appellant filed exceptions of no right and no cause of action in opposition to Appellee's reconventional demand, based on the premise that the reconventional demand was not incidental to Appellant's main demand. The trial court overruled said exceptions.
*930 The parties were married on September 23, 1973, of which union one child was born. On January 30, 1975, Appellee was arraigned on a charge of armed robbery. Appellant pled guilty to the charge on July 1, 1976, and was sentenced as hereinabove noted.
At the trial, Appellant objected to introduction of evidence to establish her alleged adultery either as a defense to her main demand or in proof of Appellee's reconventional demand. Over Appellant's objection, the trial court allowed proof of the alleged adultery. In this connection, the record contains Appellant's admission that she presently has two children, the younger of which is not the child of Appellee, but rather the child of another man with whom Appellant has been residing as man and wife since September, 1975. Appellant's living in adultery is also attested to by Appellant's mother. The trial court found the parties mutually at fault, and dismissed both the main and reconventional demand.
Appellant contends the reconventional demand filed herein for divorce on ground of adultery should have been dismissed because it is not incidental to the main demand. This same issue was before us in Kinchen v. Kinchen, 147 So.2d 761 (La.App. 1st Cir. 1962), in which the main demand for divorce on ground of living separate and apart for more than two years was opposed by a reconventional demand for divorce on ground of adultery. The trial court rejected defendant's reconventional demand in reliance on Dowie v. Becker, 149 La. 160, 88 So. 777 (1921), which authority was grounded on former Code of Practice Article 375. We held, in Kinchen, above, that LSA-C.C.P. Article 1061 now permits any reconventional demand in opposition to the main demand, regardless of connexity between the principal and reconventional demands. We so concluded on finding that Article 1061, above, expressly overruled former Code of Practice Article 375. On this premise, we remanded Kinchen, above, to the trial court for introduction of evidence in proof of defendant's reconventional demand. We adhere to our ruling in Kinchen that, pursuant to Article 1061, above, a reconventional demand need bear no relation to the main demand.
Relying on McCaa v. McCaa, 163 So.2d 434 (La.App. 2nd Cir. 1964), and Perry v. Perry, 207 So.2d 819 (La.App. 1st Cir. 1968), Appellant also contends that once her main demand was presented and the evidence showed she should prevail thereon, judgment should have been rendered in her favor, and evidence in support of the reconventional demand should not have been received.
The main demand in McCaa, above, was for divorce on ground of adultery. Defendant reconvened for divorce on ground of two years voluntary separation. Plaintiff produced proof of adultery and was granted a divorce on that ground. On appeal, it was held the trial court did not err, under the circumstances, in allowing the main demand to prevail over the reconventional demand.
In disposing of this issue, we note Tortorich v. Maestri, 146 La. 124, 83 So. 431 (1919), in which the Supreme Court considered a reconventional demand for divorce on ground of adultery in opposition to an action pursuant to Act 25 of 1898 (presently LSA-R.S. 9:302), which allowed divorce after one year of judicial separation, (two years if suit brought by party against whom the separation was granted). In awarding plaintiff divorce on the main demand, the court noted the statute was enacted for the sole benefit of the "sinner" against whom judgment of separation was rendered. The court also held that in such cases, the only relevant facts are that a judgment of separation has been granted; that two years elapsed from the date of such judgment; and, that there has been no reconciliation. The court noted further that while such a judgment based on said statute (now LSA-R.S. 9:302) was proper, there might be instances where, "in view of the relation of the reconventional demand to the main demand, it would be unwise . . . to give judgment upon the one separately from the other . . .". We find this latter observation peculiarly applicable to a case of the nature before us, *931 namely, an action in which the main demand for divorce is on one of the grounds specified in LSA-C.C. Article 139, other than voluntary separation.
Predicated on Tortorich, above, our jurisprudence has established the rule that a party suing for divorce on the ground of voluntary living apart, as provided in LSA-R.S. 9:301, will be granted a divorce, regardless of which spouse is at fault in causing the separation. This however, does not preclude adjudication of fault in such proceedings in the event alimony is sought or might be sought. LSA-C.C. Article 160; Lee v. Lee, 343 So.2d 425 (La.App. 3rd Cir. 1977); Jones v. Floyd, 154 So.2d 604 (La.App. 3rd Cir. 1963). When, however, a party seeks divorce following judgment of separation in which fault has been judicially determined, the issue of fault may not be relitigated. LSA-R.S. 9:302; Fulmer v. Fulmer, 301 So.2d 622 (La.1974).
As a general rule, divorce is the remedy available to the offended party against the offender, and for those substantially without fault. Where both litigants are equally at fault, our doctrine of comparative rectitude dictates that neither shall prevail. Mutual, equal fault which bars relief to either party, means degrees of fault of similar nature and gravity, and proportional to the extent as to render it difficult to ascertain which party is principally at fault. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952).
Here the issue of adultery was first presented in defense to the main demand for divorce on the ground of defendant's sentence to imprisonment in the state penitentiary. The trial court properly received evidence of the alleged adultery in keeping with our comparative rectitude doctrine.
Our jurisprudence recognizes that, in determining the degree of fault where fault is a viable issue, adultery is a greater fault. See J. F. C. v. M. E., 6 Rob. 135 (1843); Abshire v. Hanks, 119 La. 425, 44 So. 186 (1907).
Appellee has, however, failed to take an appeal herein or answer Appellant's appeal. Accordingly, the judgment dismissing his reconventional demand is res judicata. Appellant, having committed adultery, may not prevail merely because she was first to reach the courthouse and seek divorce because of her spouse being sentenced to the penitentiary.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.