DOMENGEAUX, Judge.
Johnny Calvin Yates, plaintiff and defendant in reconvention, also appellee, sued his wife, Jessie V. George Yates, defendant and plaintiff in reconvention, also appellant, for a divorce based upon her alleged adultery on various occasions from November 12, 1976, to March 20, 1977.[1] That suit was filed on March 31, 1977. By supplemental petition of the husband, dated June 22, 1977, additional acts of adultery were alleged through June 9, 1977.
On May 10,1977, the wife, Jessie, answered and filed a reconventional demand praying for, among other things,[2] a divorce under La.R.S. 9:302 on the basis that the parties had not lived together as man and wife since the judgment of separation in her favor dated April 21, 1976.
The husband filed an exception of no cause and no right of action to the wife’s reconventional demand. The trial judge sustained the exception insofar as it concerned the wife’s reconventional demand for divorce under R.S. 9:302, and her demand for attorney fees. He referred the exception to the merits, insofar as it had to do with the wife’s request for alimony under C.C. Art. 160.
The wife has appealed and urges that the trial judge erred in dismissing her recon-ventional demand for divorce and attorney fees.
1. We feel that the trial judge erred in dismissing Mrs. Yates’ reconven-tional demand for a divorce based upon La.R.S. 9:302. The case of Jones v. Floyd, 154 So.2d 604 (La.App. 3rd Cir. 1963) is distinguished simply on the basis that in that case, the husband had an absolute right to a divorce once he proved one year and sixty days non-reconciliation after the judicial separation. As explained in Jones, the wife therein had waived certain rights which she had under La.R.S. 9:302 and her inaction caused her ultimate reconventional demand for divorce on grounds of adultery to be too late. Jones applies only to factual situations and chronologies as found therein. Jones appears to be a jurisprudential exception to Article 1064 of the Louisiana Code of Civil Procedure. The latter article, of course, allows a defendant in the principal action to assert any action which he may have against a plaintiff regardless of connexity between the principal and recon-ventional demands. See Kinchen v. Finchen, 147 So.2d 761 (La.App. 1st Cir. 1962). In the present case, by the time one year passed after Mrs. Yates secured the judicial separation, her husband had already filed His adultery divorce action, but the action *575 was still open and pending when she filed her reconventional demand thereto. The trial judge should have allowed the matter to go to trial on both the principal and reconventional demands. He would have discretion to grant the divorce to either party, depending upon the evidence adduced, and subject, of course, to proper appellate review. See McCaa v. McCaa, 163 So.2d 434 (La.App. 2nd Cir. 1964); Perry v. Perry, 207 So.2d 819 (La.App. 1st Cir. 1968). See also, Thomason v. Thomason, 349 So.2d 928 (La.App. 1st Cir. 1977); Klnchen v. Kinchen, supra. ■
2. Mrs. Yates, in her reconventional demand, alleged that she was forced to employ an attorney to represent her in these divorce proceedings and that, consequently, she is entitled to an award against her husband for the attorney fees incurred “in these proceedings and the community property involved.” The pleadings on both sides show that the community between the parties was terminated by previous judgment. Under Malone v. Malone, 260 La. 759, 257 So.2d 397 (1972), a husband is not personally responsible for his wife’s attorney fees in these marital cases. The trial judge did not err by sustaining the husband’s exception of no right of action to the wife’s reconventional demand for attorney fees against him. Inasmuch as the record at this stage is not reflective of the status of the community property between the parties we express no opinion herein concerning any rights which either of the parties have for any attorney fees which may be chargeable to said community, and any rights the parties may have generally under the Supreme Court case of Malone v. Malone, supra.
For the above reasons, the judgment of the district court which sustained Mr. Yates’ exception of no right or cause of action as to Mrs. Yates’ reconventional demand for divorce under La.R.S. 9:302 is reversed, and it is now Ordered that it be overruled, and the matter is remanded to the district court for further proceedings not inconsistent with the views expressed herein. Otherwise, the judgment is affirmed.
Costs of this appeal to be assessed equally between the parties. Costs on remand to await final judgment there.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

. The parties had been previously judicially separated on April 21, 1976, by judgment in favor of the wife, Jessie.

. She asked for C.C. Art. 160 alimony of $400.00 per month, for the maintaining of a hospitalization insurance policy, and for attorney fees.