355 So.2d 908 (1978)
Rachael Hotard THOMASON
v.
Hugh Montgomery THOMASON, III.
No. 60639.
Supreme Court of Louisiana.
March 6, 1978.
*909 Frank L. Koles, III, Ponder & Ponder, Amite, for plaintiff-applicant.
Robert W. Troyer, Ponchatoula, for defendant-respondent.
DIXON, Justice.
This suit for divorce because of the conviction and sentence of the spouse to imprisonment at hard labor (C.C. 139(2)) was brought by relatrix, Rachael Hotard Thomason. Respondent husband answered, reconvening for divorce because of the adultery of his wife. The trial judge rejected the demands of both parties because of "mutual fault."
Only the wife appealed. The Court of Appeal affirmed the judgment against her, finding that "our doctrine of comparative rectitude dictates that neither shall prevail." Thomason v. Thomason, 349 So.2d 928, 931. That court further noted that the judgment against the husband had become final, and that res judicata prevented relief to him, although adultery had been recognized to be a "greater fault" in early jurisprudence.
At trial on December 1, 1976 it was established that the parties were married September 23, 1973 and had one child. Records were introduced to show that Mr. Thomason was charged by bill of information with armed robbery on January 30, 1975, pled guilty to simple robbery on July 1, 1976, and was sentenced to serve five years at hard labor. He had been in the custody of the State since his arrest in January, 1975. Mrs. Thomason had been living with John Eady since September of 1975 and had a child by him.
Mrs. Thomason contends that her main demand, filed prior to her husband's reconventional demand, should have taken precedence over the reconventional demand when she submitted proof of her husband's felony conviction and sentence to imprisonment at hard labor. She relies upon two cases, Perry v. Perry, 207 So.2d 819 (La.App.1st Cir. 1968) and McCaa v. McCaa, 163 So.2d 434 (La.App.2d Cir. 1964), writ denied, 246 La. 579, 165 So.2d 480 (1964).
In McCaa the Court of Appeal found no error in the trial court's holding that the husband's main demand for divorce based on his wife's adultery which had been proven at trial took precedence over his wife's reconventional demand for divorce grounded on two years voluntary separation. 163 So.2d at 436. Finding McCaa controlling, the First Circuit in Perry v. Perry, supra, held that since the husband's suit for divorce on the basis of two years separation was filed first and evidence on his case was adduced first, it took precedence over his wife's reconventional demand and separate suit for divorce based on adultery.
The Court of Appeal in the instant case correctly disposed of that issue when it stated:

*910 ". . . Appellant, (Mrs. Thomason) having committed adultery, may not prevail merely because she was first to reach the courthouse . . ." 349 So.2d at 931.
This result is consistent with the broadened procedural rules for reconventional demands enacted by the legislature in 1960. Code of Civil Procedure article 1061 replaced the rule of article 375 of the Code of Practice of 1870 which required the reconventional demand to be "connected with and incidental to" the main action. Article 1061 provides:
"The defendant in the principal action may assert in a reconventional demand any action which he may have against the plaintiff in the principal action, . . . regardless of connexity between the principal and reconventional demands." (Emphasis added).
This change was intended to "permit[s] a defendant to urge against the plaintiff any action which he might have." Official Revision Comment to C.C.P. 1061. To allow a defendant to assert his claim against the plaintiff only to have it dismissed when the plaintiff proves his or her claim would defeat the purpose of the revision which was to "[encourage] the settlement of all disputes between the parties at one time." Id.[1]
The trial court, in properly considering both Mrs. and Mr. Thomason's claims for divorce, found "equal mutual fault" and thus dismissed both causes of action. The trial judge was applying the doctrine of recrimination, which requires the denial of relief to a complainant who has been guilty of conduct which would entitle the other spouse to a divorce.[2]
This court-created doctrine has been long established in our jurisprudence[3] and is based on the equitable idea that he who comes into court with unclean hands cannot obtain relief. The application of the recrimination doctrine which denies the divorce to both parties results in punishing the two equally guilty parties by sentencing them to live in a married state after they have both proved their incompatibility.
Certain policy arguments have been advanced for retention of the recrimination doctrine: (1) promotion of marital stability, (2) deterrence of immorality, (3) promotion of financial security for women, and (4) prevention of subsequent bad marriages.[4] These considerations, which might have been reasonable in ages past, can no longer justify its application. Two parties seeking divorce have already demonstrated an inclination to breach their marriage contract; it is doubtful that forcing them to remain married would be conducive to the family concept. Instead of promoting stability and discouraging bad marriages, it tends to lead to increased hatred between the parties, infidelity, the destruction of home life to the detriment of the children, and perhaps fosters cruelty and physical violence. Instead of curbing immoral conduct, the parties *911 are allowed to continue illicit relationships with the court's consent. We do not understand that the doctrine of recrimination strengthens the institution of marriage or serves any useful social purpose. The law should not prevent the termination of a defunct marriage even, or especially, where both parties are at fault. If a divorce is possible where one party is guilty, there is all the more reason to grant a divorce where both are guilty. The judicially created doctrine of recrimination in divorce is therefore abrogated by the court, acknowledging the legislative abrogation of the doctrine in separation cases.[5]
The Court of Appeal found that the fault of the two parties was mutual but not equal. The court cited J. F. C. v. M. E., 6 Rob. 135 (La.1843) and Abshire v. Hanks, 119 La. 425, 44 So. 186 (1907) for the proposition that adultery is the most grievous marital fault and concluded that Mrs. Thomason was more at fault in committing adultery than Mr. Thomason in committing a felony. The court implied that had Mr. Thomason been subject to the court's jurisdiction (he was not due to his failure to appeal or answer his wife's appeal), it would have reversed the trial court's judgment dismissing his reconventional demand and granted a divorce to him. Finding Mrs. Thomason more at fault, the court affirmed the trial court's dismissal of her petition.
The appellate court was applying the doctrine of comparative rectitude[6] which was developed to ameliorate the effects of the recrimination doctrine by comparing the relative degree of fault of each party and granting a divorce or separation to the party less at fault. We do not agree that the commission of adultery is the greater fault, under all circumstances. As with nearly all absolutes, such a rule is both unnecessary and unreasonable. To the extent that J. F. C. v. M. E., supra, and Abshire v. Hanks, supra, stand for that proposition, they are overruled.[7]
We cannot say from the record before us that Mrs. Thomason's having taken up residence with another man nine months after her husband was incarcerated is any more serious than his having committed a robbery. Commission of a robbery is a violation of our criminal statutes and an offense against the state; commission of adultery, although morally wrong and surely destructive of a marriage, is not a crime. The trial judge found as a fact that the fault of both parties was equal, and we do not disagree. The doctrine of recrimination should not be applied to bar relief where the litigants are equally at fault. Therefore we conclude the trial court erred in dismissing both the principal demand of Mrs. Thomason and reconventional demand of Mr. Thomason. However, we are not able to affect the trial court's judgment dismissing Mr. Thomason's demand, which became final upon his failure to appeal or answer his wife's appeal. See Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1963).
For the foregoing reasons, the judgments of the trial court and the Court of Appeal dismissing Mrs. Thomason's suit are reversed; the trial court's determination of mutual equal fault is affirmed and reinstated. There is now judgment in favor of Mrs. *912 Thomason granting her a divorce from Hugh Montgomery Thomason, III,[8] at his cost.
SUMMERS, J., dissents.
NOTES
[1] McCaa v. McCaa, supra, and Perry v. Perry, supra, are overruled insofar as they are inconsistent with this opinion. They are inconsistent with a long line of appellate court cases which considered both the main and reconventional demands simultaneously to determine which claimant, if either, was entitled to a separation or divorce. See, e. g., Richard v. Richard, 340 So.2d 1104 (La.App.3d Cir. 1976); Fontenot v. Fontenot, 327 So.2d 678 (La.App.1st Cir. 1976), writ denied, 334 So.2d 702 (La.1976); Grappe v. Grappe, 315 So.2d 866 (La.App.3d Cir. 1975); Schillaci v. Schillaci, 310 So.2d 179 (La.App.4th Cir. 1975), writ denied, 313 So.2d 599 (La.1975); Maranto v. Maranto, 297 So.2d 704 (La.App.1st Cir. 1974); Phillpott v. Phillpott, 285 So.2d 570 (La.App.4th Cir. 1973), writ denied, 288 So.2d 643 (La.1974); Davis v. Davis, 258 So.2d 138 (La.App.2d Cir. 1972).
[2] Brouillette, Work of the Louisiana Supreme Court for the 1953-1954 Term, 15 La.L.Rev. 267, 268 (1955); Bradway, The Myth of the Innocent Spouse, 11 Tul.L.Rev. 377 (1936-1937).
[3] See, e. g., Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952); Snell v. Aucoin, 158 La. 767, 104 So. 709 (1925); Amy v. Berard, 49 La.Ann. 897, 22 So. 48 (1897); Castanedo v. Fortier, 34 La.Ann. 135 (1882); Trowbridge v. Carlin, 12 La.Ann. 882 (1857); Durand v. Her Husband, 4 Mart. (O.S.) 174 (1816).
[4] Moore, An Examination of the Recrimination Doctrine, 20 S.C.L.Rev. 685, 696-98 (1969).
[5] The legislature has already accomplished this result in the area of separations from bed and board by overruling a long line of jurisprudence which disallowed a separation to both parties when there was equal fault. See, e. g., Schillaci v. Schillaci, supra n. 1, writ denied, supra n. 1; Davis v. Davis, supra n. 1; Maynor v. Maynor, 234 So.2d 426 (La.App.1st Cir. 1970); Wood v. Wood, 227 So.2d 656 (La.App.3d Cir. 1969). It enacted the new Civil Code article 141, La.Acts 1976, No. 495, § 1, which provides in pertinent part:

"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation . . ." (Emphasis added).
[6] The Court of Appeal described the doctrine of comparative rectitude as operating to bar relief to both litigants when there is mutual equal fault. 349 So.2d at 931. In actuality, it was describing the recrimination doctrine.
[7] It has been suggested that Abshire v. Hanks was influenced by the fact that the law at the time would automatically award child custody to the victorious spouse and the courts did not desire an adulteress to obtain custody. Comment, 11 Tul.L.Rev. 95, 111-12, n. 107 (1936).
[8] Although the question of alimony was not raised at this time, we note that equal fault by both parties was determined in this proceeding even though it was the wife who obtained the divorce. The fault by each was of a serious nature and an independent contributory cause of the divorce and such that would bar the recovery of alimony under C.C. 160. See Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). In Fulmer v. Fulmer, 301 So.2d 622 (La.1974), we held that the determination of fault in a separation proceeding is conclusive of pre-separation fault and cannot be relitigated. To the same effect, determination of fault in a proceeding for immediate divorce is conclusive for purposes of permanent alimony following divorce. Thus, neither party in the instant suit would be entitled to alimony.