BOUTALL, Judge.
This is a case involving the denial of alimony to a wife due to the finding that she is not without fault.
Theresa Martin Lopez filed suit for divorce on grounds of adultery, and, alternatively, for separation on grounds of abandonment. Her husband, Candido Lopez, answered the suit and reconvened for a divorce based on his wife’s adultery. At trial, it was conclusively shown that Mr. Lopez was guilty of adultery. Much conflicting evidence was introduced on the issue of adultery as to Mrs. Lopez.
The trial judge rendered judgment awarding a divorce in favor of Mrs. Lopez and against Mr. Lopez and dismissed the prayer for separation and the reconventional demand. The judge also found that Mrs. Lopez was not free from fault and stated that permanent alimony would not be awarded. It is from this finding on the issue of fault that this appeal is taken.
Mrs. Lopez admitted that she had, on a regular basis, stayed overnight at the apartment of a Mr. Salvadore Vaccarro. Both testified, however, that others were always present in the apartment and that they slept in separate bedrooms. It was also admitted that Vaccarro had stayed overnight at her house on a few occasions, but again always with others present and never in the same room. These assertions were rebutted by certain testimony of Mr. Lopez and his sister who stated that they observed Vaccarro’s car parked outside of Mrs. Lopez’ home late at night and again early next morning on several occasions.
The trial judge gave no written reasons for his judgment. He did, however, discuss the case on the record at the end of the trial. Unfortunately the record at this point reflects some confusion apparently on the part of the court reporter in transcribing the judge’s remarks. We have considered remanding the record for clarification, however, in considering the totality of the judge’s remarks and the action that he took, we believe that we have discovered his conclusions.
The judge first noted that, as to Mrs. Lopez, it was a question of circumstantial evidence of adultery versus the possibility of a reasonable hypothesis to the contrary. He then discussed the evidence and concluded “adultery had occurred”. He then pointed out that he had a second problem that “even though the proofs of adultery were to be found, whether or not either party was free from fault”. There was clearly fault by Mr. Lopez. The court felt that Mrs. Lopez was also at fault, because, even if Mrs. Lopez proved some reasonable hypothesis that she did not commit adultery (which he found hard to accept) she was still at fault for “obviously giving the impression to any reasonable person that possibly it was being committed” under the circumstances he outlined of sleeping in the man’s apartment and his sleeping at her *86 home. He apparently considered that he may be precluded from granting a divorce at all to either party on the basis of mutual fault, and suggested to the parties that he would permit them to amend to pray for separation only which he felt he could grant on finding mutual fault.
In accordance with his statements, the judge took the matter under advisement to research the applicable law and apply it to the evidence he had heard. On March 2, 1978, he granted divorce to Mrs. Lopez, but denied her alimony, finding her not free from fault. He dismissed both her petition for separation on grounds of abandonment and Mr. Lopez’s petition for divorce on grounds of adultery. He gave no reasons for this judgment and did not mention the proposed amendments for separation for mutual fault.
At this time there was pending in the Supreme Court of Louisiana the case of Thomason v. Thomason, 355 So.2d 908 (1978), judgment handed down March 6, 1978. Prior to that decision there was jurisprudence to the effect that the divorce demands of both parties should be rejected because of mutual, equal fault as stated in the Court of Appeal decision in Thomason, 349 So.2d 928, 931 and recognized by the Supreme Court as the doctrine of recrimination, 355 So.2d at 910. In Thomason the doctrine of recrimination was specifically abrogated and the doctrine of comparative rectitude recognized which would permit the trial judge to render judgment of divorce by comparing the relative degree of fault of each party and by granting a divorce to the party less at fault.
The trial judge’s oral statements and his later judgment lead us to conclude that he felt that both parties had committed adultery, but that the husband’s actions, admittedly taking up residence in open adultery with another woman more than a year before the time that his wife was alleged to have committed occasional adultery, constituted a greater degree of fault than the wife’s. Accordingly, he properly granted the wife a divorce, also in view of the great discretion afforded the trial judge in decisions dealing with the credibility of conflicting witnesses, we find that the record supports the finding that both parties committed adultery, and that, for alimony purposes, the wife was not without fault.
The judgment of the trial court is affirmed.
AFFIRMED.