ON REHEARING GRANTED
PER CURIAM.
We granted a rehearing on the application of appellee, John T. Cooper.
*276 This is a divorce action which was initiated by appellee on the ground of adultery. Appellant, Mrs. Cooper, reconvened for a divorce also on the ground of adultery. The trial court gave judgment to appellee on the principal demand and dismissed appellant’s reconventional demand. However, in reasons for judgment the trial court stated that appellee was not without fault.
Thus, we are confronted with a judgment which is inconsistent with the reasons for judgment. In our original opinion we amended the judgment to conform to the reasons for judgment by decreeing a divorce between the parties on the ground of mutual fault.
In reaching our conclusion we held that appellee could not attack the reasons for judgment because he did not appeal and did not answer the appeal.
Also in our original opinion, we considered the significance of the trial judge’s denial of appellant’s motion to amend the judgment in the trial court to conform to the reasons for judgment and reasoned that the trial judge was probably persuaded by the principle advanced by appellee that when the court renders a judgment on the main demand of the plaintiff in a divorce action, that decree takes precedence over the reconventional demand of the other spouse and the reconventional demand must be dismissed. But we found that the trial judge erred in following appellee’s cases because they were repudiated in Thomason v. Thomason, 355 So.2d 908 (La.1978).
We have now concluded that the above two conclusions in our original opinion were erroneous and we now reach a different result in the case.
Beginning with our holding that ap-pellee was not entitled to attack the reasons for judgment because of his failure to appeal or answer the appeal, we now conclude that this is patently unfair considering the status of the case when it reached this court. The judgment appealed from was in appellee’s favor so there was no reason for him -to take the appeal nor did he have any right to do so since an appeal necessarily means an attempt to change or modify a judgment in some way. See C.C.P. Art. 2082. Similarly, he had no reason to answer the appeal because he had no desire to modify or change the judgment in any way. See Art. 2133. Yet he found himself in a position where appellant was championing the reasons for judgment in order to change the judgment in her favor. It seems clear under these circumstances that appellee could attack the reasons for judgment in defense of the judgment he sought to have affirmed. In any event, because of the conclusion we now reach on the second point, this question of appellee’s right to attack the reasons for judgment is of no consequence.
Following the trial court’s rendition of judgment and handing down of his reasons for judgment appellant filed a motion to amend the judgment so as to conform it to the reasons. The trial court was briefed and heard arguments on the motion, and reached the following conclusions:
“The court, having considered the record and arguments of counsel concludes that the motion for amendment of judgment is not well founded and should be denied, and accordingly;
It is ordered, adjudged and decreed that the above described motion for amendment of judgment filed by defendant, Ann Ruth Trenchard Cooper, be denied.”
It seems clear that this action by the trial judge was his last and final decision in his capacity as the fact finder. He was aware of the reasons for judgment in which he had expressed the belief that appellee was not without fault, he had heard the witnesses, including the parties’ eight year old son who testified that his father committed adultery, and he was directly confronted with appellant’s request to change the judgment he had rendered in appellee’s favor to conform to those findings he had made in his reasons. His decision to deny that motion was in effect a well considered finding of fact that appellant had failed to prove her case of adultery against appellee.
The only question remaining before us is whether the trial judge committed manifest *277 error in this final factual determination. The only evidence in support of appellant’s charge was the testimony of her eight year old son which was not necessarily persuasive and does not provide a basis for us to conclude that the trial judge was clearly wrong in his final conclusion that appellee was without fault.
Accordingly, our original decree is vacated and set aside, and the judgment appealed from is affirmed.
AFFIRMED.