Btjixabd, J.
delivered the opinion of the court.
The plaintiffs having recovered a judgment against Angus McNeill in a case in which James Erwin became bail for the defendant, took out an execution, and with a view of levying it upon effects or credits of their debtor in the hands of Erwin, under the Act of 1839, propounded to him the following interrogatories:
1. Have you any property or effects of any kind in your possession or under your control belonging to Angus McNeill? or are you indebted to the said McNeill in any amount? If yea, state the nature, value and amount of such property, effects, or such indebtedness, when due, &c., and whether sufficient to pay and satisfy the amount of the judgment rendered in favor of the plaintiff against defendant.
*116 [188] 2. Did not defendant place in your hands or under your control money, rights, credits, or effects at the time you became his bail in this suit, and have you not agreed to pay the amount of this judgment out of certain drafts, bills of exchange or other evidences of indebtedness belonging to or due said McNeill by you, and which he has delivered up to you or placed under your control ?
To the first interrogatory Erwin answered substantially that he had none, and was not indebted in any manner except as therein ■ explained. • That on the 26th of March, 1840, before Ohristy, notary, the said Angus McNeill, in consideration of an advance made to him of about eight hundred dollars and farther advances to be made; and further that he (Erwin) had become his bail in three several cases, to the amount of about four thousand dollars, and in order to secure the respondent against any loss or damage he might suffer from being security, pledged and delivered to him a bill of exchange for $3303 28, drawn by Joseph Henry, on him, the said Erwin, to the order of and indorsed by the said McNeill, dated March 10th, 1840, and made payable ninety days after date; and also three promissory notes for $2083J- each, to , the order of and indorsed by the said McNeill, dated March 23d, 1840, and made payable in one, two and three years after date, and secured by mortgage. That McNeill agreed in said act that the respondent should have the right to reimburse himself at any time all advances made by him, by disposing of the said bill and notes, and that respondent’s suretyship on said bail bonds is still in full force. He further answers that previously to the serving of the attachment the said McNeill had assigned to J. J. Hughes, of Mississippi, any assets which might remain in his hands, of which he had due notice. He further answers that he is largely in advance for McNeill, and he does not believe the assets in his hands will suffice to cover his advances and liabilities.
The second is answered in the negative except as above set forth, and that he never assumed to pay the judgment in this case.
[189] The seizing creditors obtained from the court an order for the production of the original notes and bills of exchange notwithstanding the objection of the respondent, and a bill of exceptions was taken. The court, in our opinion, did not err; although the answers to interrogatories had not been contradicted. The creditor had a right by inspection to ascertain whether the pledge was complete by the indorsement of the pledgor with a view of controverting the answers and showing that the notes or bill of exchange was yet as to creditors the property of McNeill and liable to seizure.
Upon the production of the originals it appears that the bill of exchange described in the act of pledge and in the answers of interrogatories was drawn by Henry in favor of H. O. McNeill, and not of Angus McNeill, and that it does not bear the signature of the latter.
The question, therefore, which the case presents is whether the pledge was complete as to the creditors of McNeill without his indorsement upon the bill of exchange, although in effect payable to bearer at the time of the pledge, in consequence of the blank indorsement of the original payee, H. O. McNeill.
*117 Art. 3123 of the Code provides that when a debtor wishes to pawn a claim on another person, he must make a transfer of it in the act of pledge, and deliver to the creditors to whom it is transferred the note or obligation, which proves its existence, if it be under private signature, and must indorse it if it be negotiable.
It has been contended that the indorsement of Angus McNeill was useless, inasmuch as the bill of exchange was already indorsed by the payee in blank, and would therefore pass by delivery. In the ordinary course of business, there is no doubt such would be the case, but we think the articles of the Code which relate to the contract of pledge, by which a debtor seeks to secure a debt, perhaps to the prejudice of other creditors, ought to receive a strict construction. The bill of exchange, although it might pass by delivery; was still negotiable, and the article in question requires an indorsement. [190] Two subsequent articles, to wit, 3127 and 3128, appears to us to fortify this construction of that under consideration. They provide first, that when the thing given in pledge consists of a credit not negotiable, to enable the credit- or to enjoy the right of pledge as to other creditors, not only an authentic act under private signature, duly recorded, is required, but it is necessary that a copy of the act shall be served on the debtor of the credit given in pledge; but secondly, on the other hand, this notification to the debtor is not required if the debt be evidenced by a note or other obligation payable to bearer or order, because in that ease it will suffice that the note or obligation shall have beon indorsed by the person pledging it. This last artielo clearly denies to the pledgor the right of causing his debt to be paid by preference over other creditors out of the thing pledged, in the case of a note payable to bearer, without the indorsement of the pledgor, and such indorsement accompanying the act of pledge, stands in lieu of notice to the debtor of the obligation pledged, which alone can conclude other creditors of the pledgor.
The bill of exchange in question does not bear the indorsement of Angus McNeill, although admitted by the act of pledge to be his property, and consequently the pledge is imperfect in relation to judgment creditors of the pledgor.
The notice given by McNeill to Erwin to hold subject to the order of J. J. Hughes any'money or effects he might have in his hands, after meeting any engagements he may have come under for him (McNeill), together with certain cotton in his gin, cannot affect this case. Nothing shows that Hughes has any knowledge of such a transfer. The only advance specifically sworn to is $800, the rest is in too vague terms to avail the appellant.
Upon the production of the original, it appears that the bill of exchange is marked paid and a receipt for the amount, at a time when it was not due, written over the signature of H. O. McNeill. The bill was admitted by [191] the parties to be the property of Angus McNeill, and a payment to H. O. Mc-Neill is not a valid payment. It is a misfortune if the appellant has incautiously paid to a person not entitled to receive the amount, but for the purposes of this suit and in relation to the plaintiff we must consider the money still in his hands and belonging to McNeill, except the sum of $800.
*118 The appellee has not asked for any modification of the judgment in his favor.
The judgment of the district court is therefore affirmed with costs.