(56 South. 1028.)

No. 18,693.

COMMERCIAL BANK OF ALEXANDRIA v. SHANKS.

(Dec. 11, 1911. Rehearing Denied Jan. 2, 1912.)

*(Syllabus by the Court.)*

1. GARNISHMENT (§ 158*) — ANSWER — TRAVERSE BY CREDITOR.

Where a garnishee in his answers claimed to hold in pledge a certificate of indebtedness in favor of the defendant in execution, such answers may be traversed by the seizing creditor in order to show the invalidity of the asserted pledge.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 288–297; Dec. Dig. § 158.*]

2. PLEDGES (§ 12*)—NONNEGOTIABLE INSTRUMENT—DELIVERY.

Under Act No. 157 of 1900, to constitute a pledge of a nonnegotiable instrument, delivery by the owner to the pledgee, and notice in writing to the debtor of the credit, are essential formalities. Delivery to a bank for collection is not delivery to any of its officers individually.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 36–40; Dec. Dig. § 12.*]

Appeal from the Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Action by the Commercial Bank of Alexandria against Oscar Shanks. Judgment for plaintiff, and writ of garnishment issued against the City of Alexandria and E. J. Hardtner. From a judgment granting plaintiff a portion of relief to mandate, he appeals. Affirmed in part, and reversed in part.

Blackman & Overton, for appellant. Andrews, Hakenyos & Cook, for E. J. Hardtner, garnishee.

LAND, J. Plaintiff, a judgment creditor of Oscar Shanks, after causing a writ of fieri facias to issue, garnisheed the city of Alexandria and E. J. Hardtner. The city answered that it was indebted to the defendant, Shanks, in the sum of $3,000 as per certificate of indebtedness, dated July 7, 1908, less a credit of $750, paid to the plaintiff bank on January 10, 1910.

The Commercial Bank held the certificate under the following indorsement:

"Given to Commercial Bank for collection.
"Please pay to the Commercial Bank.
          [Signed] "Oscar Shanks."

E. J. Hardtner answered the interrogatories propounded to him, as follows:

"I am in possession of a certificate of indebtedness to the city of Alexandria, of date July 7, 1908, issued by the city of Alexandria in favor of Oscar Shanks, for the sum of three thousand dollars, which I hold as a collateral for a loan of two thousand dollars to said Oscar Shanks, his equity therein being the sum of one thousand dollars."

Plaintiff filed a traverse of the answer of the garnishee in so far as he asserted that he held said certificate as collateral security for any loan whatsoever, and prayed that said answers be set aside, and for judgment ordering the garnishee to surrender the certificate to the sheriff to be sold under the writ of fi. fa. in his hands, "without any right of pledge or other claim in favor of said Hardtner." The plaintiff further prayed that the garnishee be required to answer additional interrogatories. The garnishee excepted that his rights as owner of the certificate could not be litigated in garnishment proceedings. The court ordered Hardtner to deliver up the certificate to the sheriff, subject to his right of pledge, if any. A rehearing was granted, and the motion to traverse was tried, and judgment

rendered overruling the motion, and ordering the garnishee to turn over said certificate to the sheriff for sale according to law, with recognition of the garnishee's right of preference on the proceeds to the extent of $1,250, with interest, and reserving the right of the plaintiff to institute a direct action against Hardtner. Plaintiff alone has appealed. The garnishee has not answered and prayed for a reversal or an amendment of the judgment, and therefore the decree below cannot be disturbed in his favor. C. P. arts. 888, 889; Garland's notes to C. P. 888.

The judge below heard the evidence on the merits of the garnishment, and found that Hardtner held the certificate in pledge to secure the sum of $1,250, with interest, and ordered that said amount be paid to him by preference out of the proceeds of the sale of the certificate. The case is before us on the merits of the motion to traverse. In his answers to the additional interrogatories, Mr. Hardtner stated, in substance, that he never loaned Oscar Shanks $2,000, but that the transaction was between him and Mr. Crockett, the cashier of the Commercial Bank; that Mr. Crockett transferred to him two notes of Mr. Shanks, and at the same time handed him the certificate for $3,000 as collateral security; that he had no agreement with Mr. Shanks, who had deposited the certificate of indebtedness with the Commercial Bank for collection. Mr. Shanks testified that he made the indorsement on the certificate in the presence of Mr. Crockett, and handed the certificate to him, as cashier, for collection, but that he never pledged the certificate to Mr. Crockett or any other person; that Mr. Crockett held his note for $2,000, which he promised to pay when the city paid him, but the certificate was his, and nobody had a lien on it. Mr. Crockett testified that the certificate to the amount of $2,000 was pledged to him by Mr. Shanks as collateral security for the

payment of two notes of Mr. Shanks for $1,000 each, and the balance of $1,000 was to go to the Commercial Bank. Two directors of the bank testified that Mr. Crockett at a board meeting exhibited the certificate for $3,000 as collateral for notes of Mr. Shanks held by the bank, but several months later stated that some other person had an equity in the certificate.

The certificate was a nonnegotiable instrument, assigned to the Commercial Bank for collection, by Shanks the owner, who at the time was a debtor of the bank in a sum of about $5,500. In the usual course of business the certificate would have been collected and credited to Shanks' account. The bank held the certificate as collecting agent, and could not, and did not, transfer the instrument to Mr. Crockett, its cashier, or to any other person. The cashier held the certificate as agent of the Commercial Bank, and could not deliver the certificate to himself. The testimony of Mr. Shanks, corroborated by his indorsement, shows conclusively that he delivered the certificate to the Commercial Bank for collection. The cashier exhibited the same certificate to the board of directors as collateral to the notes of Shanks held by the bank. Later the certificate disappeared from the portfolio of the bank, and finally was found in the possession of Mr. Hardtner, the father-in-law of the cashier.

[2] The evidence shows no delivery to Mr. Crockett personally, and it is not pretended that any written notice of a pledge of the certificate was given to the city of Alexandria. A pledge of a nonnegotiable instrument, not only requires delivery, but written notice thereof to the debtor of the credit. Civ. Code, arts. 3158, 3160, as amended by Act 157, 1900, pp. 239, 240. Our conclusion on the law and the facts is that the garnishee was not the pledgee of the certificate in question. The case on the an-

swers of the garnishee is far weaker than it is on the evidence, as the answers do not show how or in what manner Mr. Crockett acquired a pledge on the certificate, which on its face was specially indorsed to the Commercial Bank for collection for account of Mr. Shanks. On the face of the answers, no delivery by Mr. Shanks to Mr. Crockett is shown, and no notice to the city of Alexandria, the debtor of the certificate.

As the property of the debtor in the hands of third persons may be attached directly, or by service of garnishment process, it follows that the burden is on the garnishee admitting possession of such property to show by his answers that he holds the same under a valid pledge.

In Cater v. Merrell & Co., 14 La. Ann. 376, it was held on the answers of the garnishee and the documents thereto annexed that the pledge was not valid because it did not state the amount of the debts which it was given to secure. In Sewall v. McNeill, 17 La. 185, it was held that, although the answers of the garnishee had not been contradicted, the seizing creditor had the right to call for the original notes and bills of exchange to ascertain whether the pledge was complete by the indorsement of the alleged pledgor, with a view of controverting the answers, and showing that the notes and bills were still the property of the defendant, and liable to seizure. In that case the court held that the pledge asserted by the garnishee was not valid. The right to traverse the answers of a garnishee would be barren if the seizing creditor could not show the invalidity of a pledge asserted by the garnishee.

The doctrine that garnishment cannot be substituted for the revocatory action is applicable only to cases where the title of the defendant has been apparently divested by a contract in due form.

It is therefore ordered that the judgment

129 LA.—28

below be affirmed in so far as it orders the garnishee to turn over the certificate of indebtedness in question to the sheriff for sale according to law, under the writ of fieri facias issued in this suit; and it is further ordered that said judgment in all other respects be reversed, and that the entire proceeds of the sale of said certificate, less costs of seizure and sale, be paid over to the plaintiff in execution, and it is further ordered that E. J. Hardtner, garnishee, pay all costs incident to the garnishment proceedings below, and the costs of this appeal.