SOMMERVILLE, J.
Plaintiff sues the defendant succession on a promissory note made by George M. Robertson, deceased, of date April 24, 1902, alleged to be secured by certain certificates of stock in a corporation of this state. The suit was filed January 22, 1913.
Defendant, through its administrator, admitted the validity of the note sued upon but denied that it was secured by the certificates of stock and pleaded the prescription of five years. Reconvening, defendant set up that the petitioner was wrongfully in the possession of said stock and that said shares of stock belonged to the estate of George M. Robertson, in which succession they had been inventoried; that the succession was insolvent; that defendant was respohsible for and was entitled to the possession of said stock; and that the sale of said stock is necessary to pay the succession debts so far as it may. He asked that plaintiff’s suit be dismissed and that he be condemned to deliver to him (the administrator) the certificates of stock referred to.
There was judgment in favor of the defendant, dismissing plaintiff’s .suit and declaring the stock to belong to defendant. Plaintiff appealed to the Court of Appeals, where the judgment of the district court was reversed.
Defendant has applied to this court for writs of certiorari and review, and asks for a reversal of the judgment of the Court of Appeals.
The contract entered into between the plaintiff and the deceased in 1902 was governed by Act No. 157 of 1900, p. 239, wherein it is provided that, where a nonnegotiable instrument is pledged, the debtor must be notified, to affect a binding pledge. The debtor was not notified in this case.
[1] The law referred to (Act No. 157 of 1900, p. 239) is as follows:
“Be it enacted, etc., that article 3158 of the Revised Civil Code of this state be and it is hereby amended and re-enacted so as to read as follows:
“Art. 3158. But this privilege shall take place against third persons only in case the pledge is proved by some written instrument, in which shall be stated the amount of the debt intended to be secured thereby, and the species and nature of the thing given in pledge; or the description of the thing pledged may be contained in a list or statement annexed to the instrument of pledge and giving its number, weight or descriptive marks.
“When a debtor wishes to pledge promissory notes, bills of exchange, bills of lading, stocks, bonds, or written obligations of any kind, he shall deliver to the creditor the notes, bills of exchange, bills of lading, stocks, bonds, or other written obligations, so pledged, and such pledge so made shall without further formalities, be valid as well against third persons as against the pledger thereof, if made in good faith, provided that where the pledge is of instruments not negotiable, the debtor must be notified thereof. All pledges may be made by private writing of any kind if only the intention to pledge be shown in writing, but all pledges must be accompanied by actual delivery; the delivery of property on deposit in a warehouse, cotton press, or on storage with a third person, or represented by a bill of lading, shall pass to the pledgee by the mere delivery of the warehouse receipt, cotton press receipt, bill of lading, or storage receipt, .showing the number, *643 quantity or weight of the things pledged; and such pledge so made, without further formalities, shall be valid as well against third persons as against the pledger thereof, if made in good faith. Such receipts shall be valid and binding in the order of time in which they are issued for the number, quantity, or weight of the things pledged, if there should not be enough to meet all receipts so issued.”
In the case of Commercial Bank v. Shanks, 129 La. 861, 56 South. 1028, we say with reference to a pledge of stock to secure the payment of an indebtedness:
“A pledge of a nonnegotiable instrument not only requires delivery but written notice thereof to the debtor himself. Civil Code, arts. 3158, 3160, as amended by Act No. 157 of 1900, pp. 239, 240.”
And we therein held that there was no pledge, because of want of notice to the debtor.
In refusing the application for rehearing, the Court of Appeals referred to Act No. 180 of 1904, p. 370, and the opinion of this court in Citizens’ Bank v. Folse, 123 La. 927, 49 South. 641. The said act was not the law at the time that the contract sued upon in this ease was entered into, and it is therefore without application. And, as the decision in Citizens’ Bank v. Folse was rendered under the last-mentioned act, it is without application.
[2] The act of pledge sued upon embraces nonnegotiable instruments, where the debtor has not been notified. It was and is without effect; and there was no interruption of prescription, as shown by the evidence in the record.
It is ordered, adjudged, and decreed that the judgment of the Court of Appeals herein be annulled, avoided, and reversed;.
And it is further ordered that the judgment of the district court be reinstated and affirmed, with costs against plaintiff in all courts.