SARTAIN, Judge.
In this litigation both parties sought a judgment of divorce based on the grounds of adultery, the husband by way of his main demand and the wife through her reconven-tional demand. After a trial on the merits the trial judge in his written reasons assigned concluded that Mrs. Cooper was guilty of adultery, and to the extent of adultery on Mr. Cooper’s part the reasons for judgment stated: “The testimony of the Cooper’s son related to a period of time subsequent to July 31, 1978, beyond the time and scope of the reconventional demand. However, the Court concludes and finds, that based on the testimony of the parties’ minor son, that Mr. Cooper is not without fault in this matter.” However, the judgment that was actually rendered and signed was in favor of the husband, Mr. Cooper, and against the wife, Mrs. Cooper; Mrs. Cooper’s reconventional demand was dismissed; and there is no mention of mutual fault. Mrs. Cooper’s subsequent motion for a new trial to amend the judgment to also reflect her husband’s fault was denied. She now appeals.
In her appeal Mrs. Cooper does not contest the judgment insofar as the same found her guilty of adultery and entered a judgment of divorce. She does object to the judgment as rendered in that the same does not reflect her husband’s fault, i.e., his adultery.
In his brief and in oral argument before us Mr. Cooper contends that the evidence presented in the trial court relative to adultery on his part was insufficient to support the trial judge’s conclusion that he committed the same. In response to this contention we answer that Mr. Cooper has not appealed nor has he answered his wife’s appeal. Accordingly, we hold that he cannot now attack the findings of fact and reasons for judgment assigned by the trial judge. The question then is whether Mrs. Cooper can have the judgment amended to reflect the above noted factual conclusion of the trial judge.
Mrs. Cooper contends that with the amendment (Act 72 of 1979) to C.C. art. 160, entitling a needy husband without fault to alimony, she is entitled to the protection of having the final judgment reflect the determination of fault on his part. We agree.
The record before us does not disclose why the trial judge declined to amend the formal judgment to reflect Mr. Cooper’s adultery. We assume for the purpose of this opinion that the judge a quo accepted the argument advanced by his counsel, that is, “. .. that in the event the Court finds the main demand of the plaintiff and a divorce proceeding is valid and renders a judgment on the main demand of the plaintiff decreeing a final divorce between the parties, that the final decree takes precedence over the reconventional demand of the other spouse and the reconventional demand of the other spouse must be dismissed.” McCaa v. McCaa, 163 So.2d 434 (La.App. 2nd Cir. 1964); writ refused June 26, 1964; Perry v. Perry, 207 So.2d 819 (La.App. 1st Cir. 1968).
While the McCaa and Perry cases, above, do stand for the proposition offered by Mr. Cooper, they were repudiated by the Supreme Court in Thomason v. Thomason, 355 So.2d 908, 909, 910 (La.1978), wherein the court stated:
“The Court of Appeal in the instant case correctly disposed of the issue when it stated:
‘. Appellant, (Mrs. Thomason) having committed adultery, may not prevail merely because she was first to reach the courthouse ...” 349 So.2d [928] at 931.’
“This result is consistent with the broadened procedural rules for reconventional demands enacted by the legislature in *275 1960. Code of Civil Procedure article 1061 replaced the rule of article 375 of the Code of Practice of 1870 which required the reconventional demand to be ‘connected with and incidental to’ the main action. Article 1061 provides:
‘The defendant in the principal action may assert in a reconventional demand any action which he may have agains't the plaintiff in the principal action ... regardless of connexity between the principal and reconventional demands. (Emphasis added).’
“This change was intended to ‘permit[s] a defendant to urge against the plaintiff any action which he might have.’ Official Revision Comment to C.C.P. 1061. To allow a defendant to assert his claim against the plaintiff only to have it dismissed when the plaintiff proves his or her claim would defeat the purpose of the revision which was to ‘[encourage] the settlement of all disputes between the parties at one time.’ ” (Footnote omitted)
In Thomason the wife sought a divorce based on the conviction and sentence of the husband at hard labor. The husband reconvened for a divorce on the grounds of adultery. The trial court dismissed both claims on the doctrine of recrimination. The wife alone appealed. The Court of Appeal affirmed but indicated that had the husband appealed he would have prevailed on the basis that adultery is the greater fault. 349 So.2d 928, 931. The Supreme Court reversed and, as noted in the above quotation, abrogated the doctrine of recrimination in divorce proceedings. The Court also noted the husband’s failure to appeal. However, in granting the divorce to the wife it affirmed the mutual fault determination by the trial court.
The difficulty in wording a separation (divorce) decree based on mutual fault was first raised in Brocato v. Brocato, 369 So.2d 1083, 1087 (La.App. 1st Cir. 1979); writ refused, 371 So.2d 1341 (La.1979). Separate suits were consolidated for trial but one common judgment was entered in each. In answering the wife’s objection relative to the wording of the judgment the court stated:
“We find that the wrongs of each party standing alone are sufficient grounds to award the other a judgment of separation. C.C. art. 141 is therefore applicable. “Lastly, Mrs. Brocato claims that it was error on the part of the trial judge to enter judgment in favor of her husband and against her even upon his finding of mutual fault. The signed judgment specifically states it was based on mutual fault and therefore the phraseology indicating a nominal winner is a distinction without a difference.”
It is not our purpose here to proscribe a uniform decree in matters such as this. It is, however, very important that where there is a determination of mutual fault in either a separation or divorce action that the final judgment designate that conclusion in some positive manner. Findings of fact and reasons for judgment by the trial judge do not constitute a part of the final decree unless they are incorporated therein. C.C.P. art. 1918; Dinkins v. Broussard, 196 So.2d 636 (La.App. 1st Cir. 1967). In addition, such findings of fact and reasons for judgment, not incorporated in the final decree, cannot be invoked as res judicata. Petty Realty Co., Inc. v. Continental Casualty Co., 47 So.2d 446 (La.App. 2nd Cir. 1950).
For these reasons the judgment of the district court on the main and reconventional demands is amended to read as follows: “IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein on the main and reconventional demands decreeing a final divorce between the parties, John T. Cooper and Ann Trenchard Cooper, on the grounds of mutual fault.” In all other respects the judgment is affirmed. All costs relating to this appeal are assessed against plaintiff-appel-lee.
AMENDED. AND AFFIRMED.