KING, Judge.
This appeal presents the issues of whether or not the trial court was correct in granting plaintiff’s Motion For Summary Judgment and denying defendant’s Motion For Summary Judgment.
American Bank of Commerce (hereinafter American Bank) filed suit against Donald R. Gaspard (hereinafter Gaspard) and his wife, Sharon Gaspard, for judgment on a promissory note and against First Federal Savings and Loan Association of Lake Charles (hereinafter First Federal), for judgment ordering payment to American Bank of a certificate of deposit, issued by First Federal to Gaspard and his mother, that was pledged by Gaspard to secure his promissory note. American Bank filed a Motion For Summary Judgment against First Federal seeking recognition of the pledge and payment to it of the pledged certificate of deposit. First Federal filed a Motion For Summary Judgment against American Bank seeking dismissal of the suit against it. After a hearing, judgment was rendered by the trial court in favor of American Bank and against First Federal on American Bank’s Motion For Summary Judgment and in favor of American Bank and against First Federal on First Federal’s Motion For Summary Judgment. A formal written judgment was signed. First Federal suspensively appeals. We affirm.
FACTS
On November 17, 1983, defendant, Donald R. Gaspard, Sr., executed a promissory note payable on demand to the order of plaintiff, American Bank of Commerce, in the original principal sum of $43,000.00, bearing a variable rate of interest equal to New York prime, plus 2% per annum from date until paid. Contemporaneous with the execution of this promissory note, Gaspard also executed a written collateral pledge agreement pledging to American Bank, as security for his promissory note, five certificates of deposit issued by defendant, First Federal Savings and Loan Association of Lake Charles, said certificates of deposit being payable to Gaspard or his mother, Mrs. Mabel Gaspard, and being Certificate Number 911548, in the amount of $14,-000.00, Certificate Number 930987, in the amount of $14,000.00, Certificate Number 01805, in the amount of $1,163.17, Certificate Number 03108, in the amount of $9,000.00, and Certificate Number 751634, in the amount of $9,000.00. Five separate written documents entitled “Assignment of Certificate of Deposit” were also executed by Gaspard for each of the certificates of deposit, assigning payment of each certificate of deposit to American Bank.
American Bank accepted this collateral pledge agreement, the five certificates of deposit, and the five separate assignments of certificate of deposit, and paid the loan proceeds of $43,000.00 to Gaspard. On or about September 28, 1984, American Bank made demand upon Gaspard for full payment of the principal and interest due under the terms of his promissory note to no avail. On October 2, 1984, Mr. Charles A. Rew, Jr., Vice-President of American Bank of Commerce, went to the main office of defendant, First Federal Savings and Loan Association of Lake Charles, Louisiana with copies of the promissory note, pledge agreement, the five original certificates of deposit, and copies of the five assignments of the certificates of deposit, and demanded payment to American Bank of the certificates of deposit and accrued interest.
Mr. Henry E. Craven, III, Assistant Secretary and Loan Officer of First Federal Savings and Loan Association of Lake Charles, accepted the assignments of all of the certificates of deposit, other than for Certificate Number 930987 in the amount of $14,000.00. At that time, Mr. Craven advised Mr. Rew that the records of First *853 Federal did not reflect the existence of a certificate of deposit number 930987 and that there were no funds with First Federal represented by this certificate.
On October 5, 1984, First Federal paid to American Bank the sum of $31,753.25, representing the entire proceeds of principal and interest for all certificates pledged by Gaspard to American Bank other than for Certificate Number 930987. American Bank applied the entire proceeds to the balance due under the terms of Gaspard’s promissory note to it leaving an unpaid balance of $16,566.38 and accrued interest. Suit was then instituted by American Bank against defendants, Donald R. Gaspard, Sr., his wife, Mrs. Sharon Gaspard, and First Federal Savings and Loan Association of Lake Charles, Louisiana for recovery of this sum, together with accrued interest, attorney’s fees, and court costs.
On October 15,1985, First Federal filed a Motion For Summary Judgment and attached to this motion an affidavit made by R.F. Fanta, Jr., Senior Vice-President and Treasurer of First Federal. Mr. Fanta, in his affidavit, recited the events that took place between Mr. Rew of American Bank and Mr. Craven of First Federal on October 2, 1984. Mr. Fanta also stated that at the time of the issuance of the alleged fraudulent Certificate Number 930987, Mr. Donald R. Gaspard, Sr., one of the defendants herein, was a Vice-President and Loan Officer at First Federal, that Gaspard left the employment of First Federal early in 1984, that Certificate Number 930987 was fraudulently issued by Gaspard to himself, with First Federal’s file copy showing the certificate as cancelled, and that no funds had even been placed on deposit by Gaspard with First Federal to secure Certificate Number 9309871 First Federal also attached to its Motion For Summary Judgment a copy of its file copy of certificate of deposit number 930987 which indicated that the original certificate of deposit was issued by Gaspard to another person two months earlier and was stamped “CAN-CELLED.” Additionally, the affidavit stated the First Federal had not received timely notice of the pledge of Certificate Number 930987 by Gaspard to American Bank.
On October 23, 1985 American Bank also filed a Motion For Summary Judgment seeking judgment as prayed for against First Federal. On October 25, 1985 both motions for summary judgment were heard and the matter was taken under advisement. On June 30, 1986, the trial judge rendered judgment. In his written reasons for judgment the trial judge stated:
“It is uncontested that notice of the pledge of these five certificates was not provided to First Federal Savings and Loan Association until demand was made for their payment. The issue now before the court is whether plaintiff’s failure to comply with La.Civ.Code art. 3160 invalidates the pledge. I find that it does not for the reasons stated in Louisiana National Bank of Baton Rouge v. O’Brien, 439 So.2d 552 (La.App. 1st Cir.1983).
In this case the defendant, Donald R. Gaspard, Sr., was placed in a position of trust by the defendant, First Federal Savings and Loan Association. He apparently violated this trust by issuing himself a certificate of deposit which was not backed by any deposited funds. He used this certificate to obtain a loan from the plaintiff. Under this situation where two relatively innocent parties must sustain a loss it is manifestly unfair to allow the party who is more at fault to escape liability. For the foregoing reasons I find the pledge to American Bank of Commerce valid.
I pretermit a discussion of the issue of failure of consideration as it was not affirmatively pled as required by La. Code of Civ.Proc. art. 1005.
The motion for summary judgment filed on behalf of American Bank of ‘ Commerce is granted in favor of American Bank of Commerce and against First Federal Savings and Loan Association.
The motion for summary judgment filed on behalf of First Federal Savings and Loan Association is denied.”
On September 4,1986, a written judgment, approved as to form by counsel for both First Federal and American Bank, was signed. The judgment read:
*854 “IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Plaintiff, AMERICAN BANK OF COMMERCE, and against the Defendant, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LAKE CHARLES, recognizing and maintaining the pledge and assignment of Thirty Month Money Market Certificate No. 930987, issued by FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LAKE CHARLES in the name of Mrs. Mabel Gaspard or Donald R. Gas-pard and further directing FIRST FEDERAL SAVINGS AND LOAN ASSOCI-. ATION to pay the proceeds of said certificate, including accrued interest, unto Plaintiff, but only to the extent necessary to satisfy the balance due on the promissory note dated November 17, 1983, and executed by Donald R. Gas-pard, Sr., and in no event in a sum greater than the proceeds of said certificate including accrued interest.”
The record does not show that a written judgment was ever signed denying First Federal’s Motion For Summary Judgment against American Bank.
Defendant suspensively appeals, alleging three assignments of error which are:
(1) The trial court incorrectly held that plaintiff was entitled to judgment recognizing and maintaining the pledge and assignment of the subject certificate of deposit, despite the fact that no written notice of the pledge or assignment of the non-negotiable certificate of deposit by Gaspard to plaintiff had been given to defendant, First Federal;
(2) The trial court erred when it found that judgment should be rendered in favor of plaintiff against defendant, First Federal, because it had placed defendant, Gaspard in a position of trust, and as between the two relatively innocent parties, American Bank and First Federal, it was manifestly unfair to allow First Federal to escape liability; and
(3) The trial court erred when it pre-termitted a discussion and ruling on the issue of failure of consideration which was brought to the attention of the court by defendant and is certainly within its prayer for general relief of both its Answer and Motion For Summary Judgment.
ASSIGNMENTS OF ERROR
First Federal first alleges that the trial court incorrectly held that American Bank was entitled to judgment recognizing and maintaining the pledge and assignment of the certificate of deposit Number 930987, despite the fact that no written notice of the pledge and assignment by Gaspard to American Bank of the non-negotiable certificate of deposit had been given to defendant, First Federal, at the time of the pledge.
Article 3160 of the Civil Code states that:
“When the thing given in pledge consists of a credit or instrument not negotiable, the pledge shall be complete as to all the world, as soon as the debtor of such pledged credit or instrument shall have been notified in writing of the giving of such pledge.”
Since all of the parties in the present case acknowledge that the certificate of deposit was not negotiable, the portion of this codal article in controversy is the requirement of notice to complete the pledge. First Federal claims that since they, as debtor on the certificate of deposit pledged to American Bank by Gaspard, were not notified of the pledge at its inception that the pledge is ineffective as to them.
The trial judge granted American Bank’s Motion For Summary Judgment against First Federal relying upon Louisiana National Bank of Baton Rouge v. O'Brien, 439 So.2d 552 (La.App. 1 Cir.1983), writ den., 443 So.2d 590 (La.1983) as the basis for finding the pledge complete upon notice of the pledge being given on October 2, 1984 by American Bank to First Federal. The O’Brien case dealt with similar circumstances. In that case, O’Brien gave a nonnegotiable note to a partnership. The partnership, in turn, pledged this promissory note to Louisiana National Bank to secure a debt owed by the partnership to the Bank. When the partnership defaulted on its debt, Louisiana National Bank notified *855 O’Brien of the pledge and made demand for payment. Notice to O’Brien of the pledge came approximately 3⅛⅛ years after the pledge of the note by the partnership to the bank. O’Brien refused to pay the note and Louisiana National Bank filed suit against O’Brien to enforce the pledged note. The court found the pledge valid.
In this case, First Federal issued a nonnegotiable certificate of deposit in the name of Donald R. Gaspard, Sr. or Mrs. Mabel Gaspard. Gaspard then pledged this certificate of deposit to American Bank to secure a promissory note owed by him to American Bank. When Gaspard defaulted on his promissory note to American Bank, First Federal was notified in writing by American Bank of the pledge, when American Bank gave them a copy of the pledge and assignment and made demand for payment of the certificate of deposit. Notice of the pledge came approximately ten months after the pledge. First Federal refused to honor the pledge of the certificate of deposit and this suit against it resulted.
The court in O’Brien considered the provisions of LSA-C.C. Arts. 3157, 3158 and 3160 and concluded that the non-negotiable promissory note had been validly pledged. In doing so, the court stated that:
“The scheme of these Articles then is as follows: A pledgor can pledge an asset to a pledgee, and thereby give the pledgee the right to proceed directly and by preference to collect the asset and apply it to the pledgor’s debt to the pledgee. (Article 3157). If there are other creditors of the pledgor, and the pledge is of a non-negotiable instrument, these creditors lose their rights to the pledged instrument if the debtor on the instrument is notified of the pledge. Under Article 3160, this notification must be in writing.” Louisiana National Bank of Baton Rouge v. O’Brien, 439 So.2d 552, at page 555 (La.App. 1 Cir.1983).
The defendant in O’Brien also relied heavily for his defense on the decisions which are also cited by First Federal for its defense in this case; namely, Williams v. Succession of Robertson, 133 La. 640, 63 So. 250 (1913) and Commercial Bank of Alexandria v. Shanks, 129 La. 861, 56 So. 1028 (1911). The court in O’Brien specifically distinguished these cases pointing out that Articles 3158 and 3160 both apply to the validity of a pledge as to other creditors of the pledgor and not as to the validity of the pledge with respect to the debtor on the pledged instrument. O’Brien, supra at page 555.
The Court in O’Brien pointed out that one reason for the notice provisions of LSA-C.C. Art. 3160 was to protect the debtor of the non-negotiable pledged instrument from making payment on the pledged instrument to someone other than the pledgee. In doing so, they stated that:
“The obvious purpose of its enactment (LSA-C.C. Art. 3160), was to prevent the debtor of the security pledged from paying his obligation to the pledgor or to anyone else, other than the pledgee, where he has written notice of the pledge.” Louisiana National Bank of Baton Rouge v. O’Brien, 439 So.2d 552, at page 555 (La.App. 1 Cir.1983).
In this particular situation, we are not concerned with the claims of creditors of Donald R. Gaspard, Sr. as to the proceeds of Certificate Number 930987 except insofar as First Federal might be considered a debtor of Gaspard. The Motion For Summary Judgment brought by American Bank was directed solely to the issue of the validity of the pledge itself. In O’Brien, supra, the debtor argued that he came within the third party provisions of LSA-C.C. Arts. 3158 and 3160. The court specifically rejected that argument and reasoned as follows:
“Third parties referred to in LSA-C.C. Arts. 3158 and 3160 are obviously creditors of the pledgor because their rights to an asset of their debtor are being affected by the pledge as a result of LSA-C.C. Art. 3157. The debtor on the security pledged certainly stands in the place of the pledgor. He has no more rights than the pledgor with reference to the pledge itself. Since LSA-C.C. Arts. 3158 and 3160 cannot be invoked by the pledgor to invalidate the pledge, they *856 cannot be invoked by the debtor on the security for the same purpose.” Louisiana National Bank of Baton Rouge v. O’Brien, 439 So.2d 552, at page 555 (La.App. 1 Cir.1983).
In this case First Federal seeks to invalidate the pledge, for lack of notice, as the debtor on the pledged certificate of deposit. First Federal has no greater right than Gaspard to invalidate the pledge by Gaspard of Certificate Number 930987. As to Gaspard and American Bank, the pledge was complete upon execution by Gaspard of the document entitled “Collateral Act of Pledge” and delivery to American Bank of the certificate of deposit and the executed instrument assigning the payment of the certificate of deposit to American Bank. Lack of notice to a debtor of a pledged instrument will not affect the validity of the pledge as between the parties but only where third parties are involved. Sambola v. Fandisan, 178 So. 276 (La.App.Orl.1938).
However, even if First Federal is considered to be a creditor of Gaspard, because of his fraud as to it, we agree with the trial court that the written notification required by Civil Code Art. 3160 was given to First Federal on October 2, 1984, and at that time the pledge became perfected as to First Federal. Article 3160 does not stipulate a particular time within which notice of a pledge must be given. When American Bank notified First Federal on October 2, 1984 of the pledge to it by Gaspard, of First Federal’s certificate of deposit, the pledge was unquestionably perfected at that time as to First Federal, even if First Federal is considered as a creditor of Gaspard because of his fraud as to it. First Federal was not prejudiced by the delay in the notice of the pledge that it eventually received as the pledge would have been perfected as to First Federal whenever notice of the pledge was received, irregardless of when this took place.
First Federal contends in assignment of error number two that the trial court erred when it rendered judgment in favor of American Bank against First Federal because First Federal had placed Gas-pard in a position of trust and that for this reason, as between the two relatively innocent parties, American Bank and First Federal, it would be manifestly unfair to allow First Federal to escape liability.
Donald Gaspard was a Vice-President and Loan Officer at First Federal in 1981 during the time certificate of deposit number 930987 was issued, but later left the employment of First Federal in 1984.
In his written reasons for judgment, the trial judge stated:
“In this case the defendant, Donald R. Gaspard, Sr., was placed in a position of trust by the defendant, First Federal. Savings and Loan Association. He apparently violated this trust by issuing himself a certificate of deposit which was not backed by any deposited funds. He used this certificate to obtain a loan from the plaintiff. Under this situation where two relatively innocent parties must sustain a loss it is manifestly unfair to allow the party who is more at fault to escape liability....”
When, in the usual course of business, an officer has been allowed to manage the affairs of the corporation, his authority to represent the corporation may be implied from the manner in which he has been permitted by the directors of the corporation to transact its business. Esso Standard Oil Company v. Welsh, 235 La. 593, 105 So.2d 233 (1958). Gaspard was an officer of First Federal with authority to issue its certificates of deposit. American Bank had no reason to not accept First Federal’s certificate of deposit issued by Gaspard even though it was issued to him or his mother.
We do not find that the logic of the trial judge was clearly wrong or manifestly in error. It is for this very reason that employees of financial establishments are usually bonded so as to indemnify the financial establishment for losses sustained by the dishonesty of its employees/officers. First Federal still has the right to seek to recover from Gaspard its losses caused by Gaspard’s fraudulent acts.
*857 In its third assignment of error, First Federal contends that the trial court erred when it did not rule on the issue of failure of consideration which was presented by First Federal in its Motion For Summary Judgment. The trial judge pretermitted discussion of the issue of failure of consideration finding it had not been properly pleaded by First Federal as an affirmative defense. First Federal contends that such relief was within the prayer for general relief of both its Answer and its Motion For Summary Judgment.
This court cannot consider any alleged error of the trial court in failing to consider a defense of failure of consideration, as the trial judge’s rendition of judgment denying First Federal’s Motion For Summary Judgment has never become a final judgment. Although the trial court, in its written reasons for judgment, did state that First Federal’s Motion For Summary Judgment was denied, this denial has not become a final judgment. Every final judgment must be signed and no appeal can be taken until a judgment is signed. LSA-C.C.P. Art. 1911. It is well settled that the reasons for judgment do not constitute part of the final decree unless incorporated therein. Cooper v. Cooper, 409 So.2d 273 (La.App. 4 Cir.1982); Dinkins v. Broussard, 196 So.2d 636 (La.App. 1 Cir.1967). Since there has been no judgment signed denying First Federal’s Motion For Summary Judgment there is no final ap-pealable judgment. LSA-C.C.P. Arts. 1911 and 2083. First Federal has no right to appeal at this time from the denial by the trial court of its Motion For Summary Judgment.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the defendant-appellant.
AFFIRMED.