IN RE: VALERIE BARBON GERNHAUSER
AND DAVID W. GERNHAUSER, JR.

NO. 23-CA-573

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 830-111, DIVISION "D"
HONORABLE JOSEPH A. MARINO, III, JUDGE AD HOC, PRESIDING

December 04, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**<u>VACATED AND REMANDED</u>**

    **SJW**

    **MEJ**

    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
VALERIE BARBON GERNHAUSER
    Anna M. Singleton
    Meredith E. Chehardy

COUNSEL FOR DEFENDANT/APPELLEE,
DAVID W. GERNHAUSER, JR.
    Louis R. Koerner, Jr.

DEFENDANT/APPELLEE,
DAVID W. GERNHAUSER, JR.
    In Proper Person

**WINDHORST, J.**

In this divorce case, Valerie Barbon Gernhauser appeals the trial court's October 10, 2023 judgment granting David Gernhauser a divorce under La. C.C. art. 103(1) from Valerie without also considering her petition for a fault-based divorce under La. C.C. art. 103(4). For the following reasons, we vacate the trial court's October 10, 2023 divorce judgment and remand for further proceedings.

**PROCEDURAL HISTORY**

Valerie and David were married on December 12, 2009 and had four children. They physically separated on December 1, 2020. In a joint petition for divorce filed on July 6, 2022, Valerie and David sought a divorce under La. C.C. art. 103, asserting that they had lived separate and apart for a period of more than 365 days. Although the trial court rendered a divorce judgment relative to this petition on November 18, 2022, the trial court subsequently vacated this judgment on March 21, 2023.

On March 8, 2023, Valerie filed a supplemental and amending petition for divorce, asserting that David suffers from Bipolar II Disorder, has suicidal tendencies, and had engaged in abusive behavior, including but not limited to: (1) placing his hands around one of their children's necks; (2) refusing to feed at least one of the children; (3) threatening to remove children from her home if she did not agree to register the children for school with his new address; (4) showing up to custodial exchanges with a handgun; (5) failing to supervise the children, which resulted in the children suffering injuries; (6) physical and emotional abuse towards Valerie; (7) shaking their four month old baby; (8) entering Valerie's home without permission sometimes in the middle of the night; and (9) using the children's iPads to purchase and view pornographic material. Valerie sought spousal support, child support, and costs for extraordinary expenses, among other things. David filed

an answer to Valerie's supplemental and amending petition for divorce, denying the allegations of abuse.

On July 25, 2023, David filed a reconventional demand, seeking a divorce judgment on the basis he and Valerie had been physically separated for a period of more than 365 days prior to the filing of the demand. On July 27, 2023, Valerie filed an amended and supplemental petition for divorce pursuant to La. C.C. art. 103(4), seeking a divorce based on defendant's abuse.

On August 25, 2023, David filed a motion to set contested La. C.C. art. 103(1) divorce for trial. The trial court set the case for trial on September 26, 2023. The parties proceeded to trial on David's motion for divorce on October 10, 2023. That same day, the trial court granted David a divorce under La. C.C. art. 103(1).

On October 10, 2023, prior to the trial commencing, Valerie's attorney informed the trial court that Valerie also had a petition for divorce pending and asserted that Valerie was entitled to have her petition heard. Valerie's counsel stated the following:

> Your Honor, before we proceed, I'd like to know what we are proceeding on. When we were in chambers earlier there was a debate and a discussion about what is actually before the Court today. So if you wouldn't mind just giving me a minute to make a record.
>
> My client's supplemental and amending petition for divorce, pursuant to Article 103 was filed on March 21st, 2023. In that petition she makes a number of factual assertions, including domestic violence.
>
> On July 25th, 2023, Ms. Treadaway on behalf of Mr. Gernhauser filed a reconventional demand. In that reconventional demand he asked for a l03.1 Divorce because of the time delays that have passed. On August 24th, 2023, we filed an answer to the reconventional demand, and in that answer to the reconventional demand we specifically say that their assertion that they are entitled to a 103.1 Divorce is contested. We object to the divorce being granted on his petition when we have our own pending petition for divorce under Article 103.4.
>
> So at this time, Your Honor, they filed a motion to set the matter for trial, but you can't just set a part of the case for trial; the entire case is set for trial. And that is what Ms. Gernhauser seeks to go forward on today, not just the 103.1, but also the assertions that she makes in her

petition for divorce alleging domestic violence, which was filed back in March.

The trial court indicated that the only motion set before the court that day was David's petition seeking a 103(1) Divorce and the court was proceeding to trial on his petition. Valerie's attorney objected and asked the court to not preclude Valerie from presenting her case, to grant a continuance, or to reset Valerie's petition for another day.

After hearing testimony from David, the trial court granted a judgment of divorce under La. C.C. art. 103(1). Valerie appealed that judgment. In response to Valerie's appeal, David filed an answer to Valerie's appeal, seeking attorney's fees and costs, and a motion to dismiss, asserting that the judgment is not a final and appealable judgment. Valerie opposed the motion to dismiss, maintaining that the divorce judgment is a final appealable judgment.

## LAW and ANALYSIS

In her appeal, Valerie asserts the trial court erred in granting David a judgment of divorce under La. C.C.P. art. 103(1) without allowing her to introduce evidence in support of her petition for divorce under La. C.C.P. art. 103(4) and violated her constitutional due process right to be heard. In response, David seeks to dismiss Valerie's appeal, asserting the judgment is not a final appealable judgment. We will address the motion to dismiss and then Valerie's assignments of error.

### David's Motion to Dismiss

In his motion to dismiss, David claims Valerie's appeal should be dismissed because the divorce judgment is an interlocutory judgment.

A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Specifically, with regard to divorce judgments, La. C.C.P. art. 3942 states:

> A. An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A).
>
> B. Such an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime.

Based on the language of this article, we find that the divorce judgment is appealable even though other issues relative to the proceeding may remain pending. La. C.C.P. art. 3942 A requires the appeal of a divorce to be filed within 30 days, thereby eliminating the 60-day option for an appeal. The elimination of the 60-day period indicates that issues relative the dissolution of a marriage should be resolved as quickly as possible. In addition, La. C.C.P. art. 3942 B expressly suspends the execution of the judgment insofar as the judgment relates to the annulment, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime like a suspensive appeal. This process indicates a legislative purpose to promote prompt resolution of issues involving the dissolution of a marriage because the dissolution of a marriage generally affect multiple issues.[1] We therefore find the divorce judgment in this case is a final and appealable judgment even though other issues, such as custody and support remain unresolved.

Accordingly, we find David's motion to dismiss lacks merit and deny that motion. Before oral argument, Valerie filed a voluntary motion to dismiss. Due to David's refusal to agree to dismiss the appeal, i.e. his answer to the appeal, we deny Valerie's motion to dismiss.

**Valerie's Appeal**

Valerie asserts the trial court violated her right to a fair hearing in not allowing her to introduce evidence of domestic violence regarding her petition for divorce.

---

[1] La. C.C. art. 159 provides:

> A judgment of divorce terminates a community property regime retroactively to the date of filing of the petition in the action in which the judgment of divorce is rendered. The retroactive termination of the community shall be without prejudice to rights of third parties validly acquired in the interim between the filing of the petition and recordation of the judgment.

Valerie claims the trial court erred in denying her the opportunity to be heard and in not considering her properly-filed petition for divorce. In support of her position that the trial court is obligated to consider both parties' petitions for divorce, Valerie relies on <u>Jennings v. Jennings</u>, 21-386 (La. App. 4 Cir. 12/1/21), 332 So.3d 179.

In <u>Jennings</u>, the defendant filed a reconventional demand seeking a divorce based on La. C.C. art. 103(1), and claimed that it should have taken precedent over the plaintiff's petition seeking a fault-based divorce. <u>Id.</u> at 183. The appellate court rejected the defendant's argument. <u>Id.</u> at 184. The court held, "when both parties are seeking a divorce through article 103, the trial court should allow for both assertions to be tried." <u>Id.</u> The court reasoned that the primary demand was a fault based divorce based on adultery, and that "after hearing both demands, the trial court would have discretion to grant the divorce on either ground depending upon the evidence adduced." <u>Id.</u>

In <u>Yates v. Yates</u>, 355 So.2d 573, 574-575 (La. App. 3d Cir. 1978), the appellate court held the trial court erred in dismissing a wife's reconventional demand for a divorce based on different grounds than her husband. Because the primary cause of action, adultery, was pending when the reconventional demand based on living separate and apart was filed, the appellate court concluded the trial court should have considered both the principal and reconventional demands. <u>Id.</u> Further, in <u>Ogea v. Ogea</u>, 378 So.2d 984, 991 (La. App. 3d Cir. 1979), the appellate court held the trial court properly considered both the main demand and the reconventional demand for divorce where both parties sought a divorce based on La. C.C. art. 103.

The current case is analogous to <u>Jennings</u> in that both parties sought a divorce under La. C.C. art. 103, and the primary demand is a fault-based divorce based on abuse. Considering the above jurisprudence, we find the trial court should have heard and considered both petitions for divorce prior to granting a divorce decree.

Valerie had a properly-filed petition for divorce pending at the time of trial for David's reconventional demand and had the right to have the court consider her petition. Thus, after hearing testimony from both parties, making a credibility determination, and reviewing all evidence presented, the trial court would have the discretion to grant the divorce on either ground, depending upon the evidence and testimony presented. We therefore vacate the trial court's October 10, 2023 judgment of divorce and remand for further proceedings.

**David's Answer to Appeal**

David answered Valerie's appeal, seeking attorneys' fees and costs and claiming the appeal was filed in bad faith for the purpose of causing David "to pay sums of money and to make financial and other concessions" not authorized by law. We disagree. We find Valerie's appeal was not frivolous or filed in bad faith, and David is clearly not entitled to any attorneys' fees or costs.

**DECREE**

For the foregoing reasons, we vacate the trial court's October 10, 2023 judgment of divorce and remand this case for trial on both petitions for divorce.

**VACATED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 4, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-573

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JOSEPH A. MARINO, III (DISTRICT JUDGE)
ANNA M. SINGLETON (APPELLANT)          BIANCA M. BRINDISI (APPELLANT)          MEREDITH E. CHEHARDY (APPELLANT)
VALERIE B. GERNHAUSER (APPELLANT)      DAVID W. GERNHAUSER, JR. (APPELLEE)

### MAILED
MAX M. CHOTTO (APPELLEE)               LOUIS R. KOERNER, JR. (APPELLEE)        KRISTYL R. TREADAWAY (APPELLEE)
ATTORNEY AT LAW                        ATTORNEY AT LAW                         REBECCA A. HEILMAN (APPELLEE)
1132 DERBIGNY STREET                   1204 JACKSON AVENUE                     ATTORNEYS AT LAW
GRETNA, LA 70053                       NEW ORLEANS, LA 70130                   3008 20TH STREET
                                                                              SUITE K
                                                                              METAIRIE, LA 70002